THOMPSON *v.* BAY CIRCUIT JUDGE.

1. DISCONTINUANCE—STIPULATION—SETTING ASIDE—MANDAMUS.
   An order striking a stipulation to discontinue without costs
   from the files, on the ground that it was obtained by decep-
   tion, unless within 30 days plaintiff pays the costs therein or
   discontinues a subsequent suit for the same cause of action,
   does not involve the question whether the settlement of the
   cause of action was fraudulent, but merely requires plaintiff
   to proceed with his cause or pay the costs, and mandamus will
   not be granted to vacate it.

2. SAME—FRAUD.
   The circuit court on motion and proper showing may set aside
   a discontinuance fraudulently obtained.

Mandamus by Martha J. Thompson to compel Theodore
F. Shepard, circuit judge of Bay county, to set aside an
order striking a stipulation of discontinuance from the
files. Submitted October 4, 1904. (Calendar No. 20,743.)
Writ denied October 26, 1904.

Petitioner brought suit in the circuit court of Bay
county against the city of West Bay City for negligent per-
sonal injury, and had judgment, which was reversed on
error in this court. *Thompson* v. *City of West Bay City*,
137 Mich. 94. The attorneys of the parties afterward stipu-
lated to discontinue the cause without costs to either party,
and petitioner subsequently brought another suit for the
same injury against the city and another. Thereupon the
city obtained an order striking the stipulation of discontin-
uance from the files unless petitioner should pay the accrued
costs within 30 days or discontinue the second suit as to
the city, on the grounds that the stipulation was obtained
by deception, and that the understanding of the city's at-
torney was that it was made for the purpose of terminat-
ing the litigation. Petitioner applies for mandamus to
compel the circuit judge to set aside the order striking off

the discontinuance, on the ground that the question of fraud presented could not be tried on motion and affidavits.

*Fred W. De Foe*, for relator.

*S. G. Houghton*, for respondent.

PER CURIAM. The writ will be denied. The case is distinguishable from *Voigt Brewery Co.* v. *Wayne Circuit Judge*, 103 Mich. 190. In that case the effect of the action of the circuit judge was to adjudge that a settlement of a cause of action was fraudulent. It was held that such question could not be thus tried. Here there is no such question. The plaintiff is merely required to proceed with her cause or pay the costs. If the discontinuance in such a case was obtained fraudulently, we think the court might set the same aside on motion and proper showing.