## CHRONOWSKI v. ZIELINSKI.

1. ABATEMENT AND REVIVAL — DISCONTINUANCE — DISMISSAL OF BILL IN CHANCERY—EQUITY PRACTICE—DECREE OR ORDER.

After the filing of a stipulation discontinuing a foreclosure suit by mutual consent, the proceedings were not a bar to a second foreclosure suit in which defendant, by plea in abatement, set up the pendency of the first proceeding alleging that no final order of dismissal had been entered by the court.

2. SAME—EQUITY—NUNC PRO TUNC ORDER.

And an order entered in the first cause, after the plea in the second cause was filed, discontinuing the suit as of the date of the stipulation, operated as a formal discontinuance at the time of filing the stipulation.

Appeal from Wayne; Rohnert, J.  Submitted November 21, 1911.  (Docket No. 68.)  Decided March 12, 1912.

Bill by Stanislaus Chronowski against John Zielinski, Barbara Zielinski, and the German-American Bank for the foreclosure of a mortgage.  From a decree for complainant, defendants Zielinski appeal.  Affirmed.

*George F. & Peter J. Monaghan,* for complainant.

*Ezra P. Beechler,* for defendants.

McALVAY, J. This is an appeal from a decree in favor of complainant and against defendants of the ordinary foreclosure of a real estate mortgage. A prior mortgagee, the German-American Bank of Detroit, was made a party defendant, and the foreclosure was taken subject to such prior mortgage, the lien of which was acknowledged as prior and paramount to the lien of complainant upon the premises in question. No relief was prayed or decreed against such prior mortgagee, and none of its rights are involved in this appeal.

It appears that on August 18, 1908, a suit in chancery was begun by this complainant against the same defendants for the foreclosure of this identical mortgage. On March 7, 1910, after the appearance therein of the defendants, who are appellants, a stipulation in writing, theretofore made and entered into by and between the parties to said cause, by their respective solicitors, discontinuing the same, was filed and entered therein. The material portion of this stipulation, duly executed, reads as follows:

"It is hereby stipulated and agreed by and between the parties to the above-entitled cause, through their respective solicitors, that the above-entitled cause be, and the same is hereby, discontinued without costs to either party, and without prejudice.

"Dated Detroit, Michigan, February 9, 1910."

In the instant case, appellants, having appeared, filed a plea in abatement therein June 21, 1910, on the ground of a former suit pending for the same cause of action, alleging—

"That said suit has never been discontinued; a stipulation for discontinuance having been filed, but no order or decree having been entered in pursuance thereof."

Under petition of complainant, duly made in the first case, praying for an order *nunc pro tunc* as of the date of the filing of the stipulation of discontinuance, such order was granted October 12, 1910.

The plea in abatement of the appellants came on to be

heard October 31, 1910, and was overruled for the reason as appears in the opinion of the court, as follows:

"I hold that the filing of that stipulation discontinued the case, and that it is not necessary that a formal order of discontinuance be entered. It is notice to all parties in the case of the discontinuance, and until it is set aside it would not permit any further proceedings in the case. The discontinuance disposes of the subject-matter for the purposes of that case, leaving only the question of costs to be determined, either in accordance with the stipulation, or in accordance with the law. So that I hold at the time of the commencement of the second case, May 12, 1910, the first case was not pending."

In the order overruling the plea in abatement, the defendants were allowed 10 days to answer the bill of complaint. Defendant Barbara Zielinski answered. The bill was taken as confessed as to John Zielinski. A hearing was had upon the bill of complaint and answer filed, and proofs taken in open court. The decree of foreclosure in favor of complainant was granted.

No question is raised upon this appeal, except upon the action of the court in overruling the plea in abatement. Appellants state in their brief:

"The only question in this case is whether this plea was effective."

We think that the reasoning of the learned circuit judge is conclusive that the stipulation discontinued the case, and until set aside no further proceeding could be taken in the case. It was not the usual stipulation, agreeing that an order of discontinuance might be entered. Its terms were "that the above-entitled cause may be, and the same is hereby, discontinued without costs." It disposed of that case by a discontinuance agreed upon and signed by the parties. We do not understand that any court has held that a stipulation in these terms does not absolutely discontinue a case.

The contention of appellants is purely technical, and if this stipulation had been in the usual form it would have

no merit, for the reason that the weight of the authority, in our opinion, would sustain a holding that the order *nunc pro tunc* would operate as a formal discontinuance of that date.

The decree is affirmed, with costs to complainant.

MOORE, C. J., and STEERE, BROOKE, and BLAIR, JJ., concurred.