## GOLDSTEIN v KLIVANS, Inc

Ohio Appeals, 8th Dist, Cuyahoga Co

No. 11657. Decided June 1, 1931

Abner H. Goldman, Cleveland, for Goldstein.

H. H. Finkle, and Wm. H. Rosenfeld, both of Cleveland, for Klivans, Inc.

SHERICK, J.

We are of opinion that the motion of defendant in error is not well taken and we will hereafter proceed to develop the reason therefor in conjunction with the merits of the matter at issue.

The motion of Klivans, Inc., as made in the trial court, was under favor of §11586 GC and this was a voluntary action upon its part and was an act which it had a perfect right to do under the statute and over which the court could have no control.

It is the view of this court that when the plaintiff by his voluntary act dismissed his proceeding without prejudice and an entry thereof was made upon the court's docket, that the cause ended in that court and that no further jurisdiction was reposed in that court with reference to a disposition of that case.

We well recognize the right of a court to correct its journal entries within term, but we think that the statute under which that right exists is dependent upon the matter of the court having jurisdiction of that cause and the cause having been dismissed, the court could make no further order in that case, and it is therefore our view that the trial court improperly sustained the motion to vacate its entry of dismissal and reinstate the case.

It is said in Siegfried v Railway Co., 50 Oh St 294-97 that,

"A dismissal by plaintiff involves no action of the court; it is a voluntary withdrawal of his case."

The matter then stands as if the case had never been commenced.

Considering now the question as to whether or not the order from which error is prosecuted is a final order, we are drawn to a consideration of the wording of §12258 GC which reads as follows:

"An order affecting a substantial right in an action, when in effect it determines the action and prevents a judgment, and an order affecting a substantial right made in a special proceeding or upon a summary application in an action after judgment, is a final order which may be vacated, modified or reversed as provided in this bill."

There can be no question but that the dismissal of this case by the voluntary act of the plaintiff below, made it impossible for the entering of a judgment for or against the plaintiff in error and by the

request and order of dismissal the plaintiff in error acquired a substantial right, that is, judgment could not be rendered in that action against him and when the court intervened and sustained the motion of defendant in error to reinstate the cause on the docket it made it possible for that court in that case to enter a final judgment against the plaintiff in error.

Considering the language of the statute we are of opinion that the court in sustaining this motion deprived the plaintiff in error of a substantial right and was in effect a final order. To our notion it is even more than that, for it has the effect of a recommencement of that suit without the formalities provided by law and was unwarranted and improper. It therefore follows that the motion of defendant in error to dismiss the petition in error will be and the same is hereby overruled and it is the further judgment of this court that the action of the trial court in sustaining the motion to reinstate the case was erroneous and its order therein made will be and is hereby reversed.

HORNBECK, PJ, and KUNKLE, J, concur.