JOHNSON *v.* HARVESTER MUTUAL FIRE INSURANCE CO.

1. DISMISSAL AND NONSUIT—STIPULATION.
   Stipulation that case be dismissed without costs, mutually agreed to in open court, followed by formal order of dismissal, effectually discontinued cause as of date of stipulation.

2. SAME—COURT WITHOUT AUTHORITY TO REINSTATE CASE DISMISSED PURSUANT TO STIPULATION.
   Unless fraudulently obtained, trial court is without authority to set aside order of dismissal pursuant to stipulation agreed to in open court.

Appeal from Saginaw; Martin (William H.), J. Submitted April 26, 1932. (Calendar No. 35,617.) Decided June 23, 1932.

Action by August W. Johnson and another against Harvester Mutual Fire Insurance Company, a corporation, on an insurance policy. From order reinstating case after dismissal by stipulation, defendant appeals. Reversed.

*Crane & Crane (Carl H. Smith,* of counsel), for plaintiff.

*Kinnane & Leibrand,* for defendant.

McDONALD, J. This is an appeal from an order reinstating a cause that was dismissed by stipulation of the parties.

The material facts are undisputed. On March 10, 1930, the plaintiffs commenced this suit in the circuit court of Saginaw county on an insurance policy to

recover a fire loss. The defendant company appeared and pleaded to the declaration. When the trial came on the parties stipulated to dismiss the suit and settle the controversy by arbitration. The stipulation was filed June 5, 1930. It provided that each party should select an arbitrator and the two should select a third and if they failed to agree on the third, he was to be selected by the court. They were unable to agree, and the court appointed the third arbitrator. The arbitrators were unable to agree on the loss, but, on October 1, 1930, they filed an award in which the arbitrator selected by the plaintiff and the arbitrator selected by the judge agreed on a loss of $1,736, and the arbitrator selected by the defendant company fixed it at $650. The defendant claimed that there was no enforceable award, and requested that new arbitrators be appointed. The plaintiffs seem to have been satisfied with the award and refused further arbitration. The defendant decided to take the controversy into another circuit, so, on November 3, 1930, it filed a bill in the circuit court for Ingham county for the purpose of securing a cancellation of the insurance policy on the ground of fraud and of having the award of the arbitrators decreed to be null and void. While this suit was pending counsel for the parties continued hostilities in the Saginaw circuit. On November 10, 1930, the defendant secured an order *nunc pro tunc* from the circuit judge dismissing the cause as of the date of the stipulation. On November 13, 1930, the plaintiffs filed a motion to set aside the stipulation. On the hearing of this motion the court did not disturb the stipulation, but entered an order setting aside the *nunc pro tunc* order of dismissal and reinstating the cause. It is from this order that the defendant has appealed.

The stipulation that the case be dismissed without costs, mutually agreed to in open court, followed by a formal order of dismissal, effectually discontinued the cause as of the date of the stipulation. *Chronowski* v. *Zielinski,* 168 Mich. 590.

Unless fraudulently obtained, the trial court was without authority to set aside the order of dismissal. *Thompson* v. *Bay Circuit Judge,* 138 Mich. 81.

No fraud was shown. The court erred in setting aside the order of dismissal and reinstating the cause. The order appealed from is reversed, with costs to the defendant.

Clark, C. J., and Potter, Sharpe, North, Fead, Wiest, and Butzel, JJ., concurred.