## MUSKINGUM WATERSHED CONSERVANCY DIST v CRISE et

Ohio Common Pleas, Knox Co

Decided Dec 24, 1938

Warner Pomerene, Coshocton, and Charles B. F. Wander, Mt. Vernon, for plaintiff.

Barton W. Blair, Mt. Vernon, for defendants.

### OPINION

By DEVIN, J.

At this time this cause comes before the court in respect to only one phase, or matter, connected therewith: On December 3, 1938, a motion of the defendants to dismiss the petition of the plaintiff upon two separate grounds stated in two branches was presented to the court. Whereupon, counsel withdrew the first branch of the motion and same was submitted upon the second branch; and it was argued by counsel for both plaintiff and defendants. After presentation and argument, counsel for plaintiff stated in open court, on behalf of plaintiff, that he consented that the motion as presented upon the second branch thereof be sustained and the petition be dismissed, and immediately thereafter a form of journal entry was submitted to the court, making reference to the foregoing facts and containing a ruling that the motion of said defendant as submitted be sustained, and that said petition be dismissed at plaintiff's costs. The entry further stated that plaintiff had "consented" to the sustaining of the motion.

That same day, at the same term of said court, said defendants, by their attorney, filed a motion to vacate and set aside the entry and order hereinabove mentioned; this latter motion to vacate was filed during the same term of this court as the above mentioned decision and judgment was rendered, which term is still continuing. Thereupon the motion to vacate was assigned for hearing by the court for December 17, 1938, it was argued by counsel.

It is a general rule that courts of record, such as the Common Pleas Court, possessed the power of controlling their own judgments, and of correcting, modifying or vacating such judgments during the term at which they were rendered. This is an inherent power which is in no way regulated or abridged by statute in Ohio. See, 23 **Ohio Jur.**, 1121; and also **First National Bank of Dunkirk, Ohio v Smith et, 102 Oh St 120**, (Syl. 1). However, this court is concerned as to reconciling the foregoing doctrine with the decision and opinion rendered in the case cited by counsel for plaintiff upon the hearing of motion to vacate, to-wit: **Goldstein v Klivans, Inc., 34 O.L.R. 576, 10 Abs 133**. In the last mentioned case Judge Sherick in his opinion says:

"We well recognize the right of a court to correct its journal entries within term, but we think that the statute under which that right exists is dependent upon the matter of the court having jurisdiction of that cause, and the cause having been dismissed, the court could make no further order in that case, and it is therefore our view that the trial court improperly sustained the motion to vacate its entry of dismissal and reinstate the case."

However, I am disposed to distinguish the case at bar from the case cited in which the opinion quoted was given. In the case of Goldstein v Klivans, Inc., it appears that

the **plaintiff voluntarily dismissed** his case, without prejudice, and I am of the opinion that the court's decision in the cited case was based upon the action of the original plaintiff in that case in dismissing its own suit, and that the opinion above quoted only applies to such a state of facts; that is to say, where there has been a **dismissal** of the **action** by the **plaintiff**, and therefore that the case cited does **not** apply to the case at bar, for the reason that the dismissal now sought to be vacated was ordered and decided by the court as a dismissal of the action by the sustaining of the motion of the **defendant**. The utmost that could be claimed by the plaintiff in view of the present situation is that the plaintiff "consented that said motion" be sustained, referring to the "motion" of the **defendant** for the dismissal of the plaintiff's petition.

This court has therefore reached the conclusion that the decision in the case of Goldsteinv Klivans, Inc., does **not** apply to the motion to vacate the former judgment and order made December 3, 1938, in the instant case, and that the court has the inherent power to control its own judgment rendered during the same term by modifying and vacating same.

WHEREFORE, the court orders that the motion of defendant filed December 3, 1938 to vacate and set aside the entry and order made in this case sustaining a motion theretofore interposed by defendants for the dismissal of the petition upon the ground set forth in the second branch of the motion to dismiss, be, and the same is, hereby, sustained, and the petition of plaintiff in said action is reinstated, and said order and judgment dismissing said petition is vacated and set aside; said defendants also having by said motion asked the court for leave to withdraw their former motion for the dismissal of the petition, leave is now granted said defendants to withdraw said motion. Defendants to pay costs pertaining to both said motions.