Hart, J.
 

 The question involved in this case is whether a writ of mandamus may issue against the respondent as judge of the Common Pleas Court of Franklin county, Division of Domestic Relations, to require him to dismiss a divorce action pending in his court, a dismissal having been requested by both plaintiff and defendant Cash in that action, and his refusal to act being based upon the fact that defendant Cash
 
 *146
 
 has not complied with an order of the court to pay the fees of plaintiff’s attorneys. The answer depends on whether such an order would interfere with judicial discretion upon the part of the respondent, and on the right of the plaintiff in such action to dismiss it.
 

 A writ of mandamus may issue only to an officer or person to command the performance of an act which the law specially enjoins as a duty resulting from an office or trust. It will not issue to control discretion
 
 (Board of Education of Sycamore
 
 v.
 
 State, ex rel. Wickham,
 
 80 Ohio St., 133, 88 N. E.,
 
 412; State, ex rel. Baker,
 
 v.
 
 Hanefeld, Dir.,
 
 134 Ohio St., 540, 18 N. E. [2d], 404) but it will issue to compel the exercise of such discretion, and in the case of a judicial officer to compel the exercise of functions conferred by law.
 
 State, ex rel. Tailford,
 
 v.
 
 Bistline, Judge,
 
 96 Ohio St., 581, 119 N. E., 138.
 

 Section 12285, General Code, makes this clear in language as follows:
 

 “The writ may require an inferior tribunal to exercise its judgment, or proceed to the discharge of any of its functions, but it cannot control judicial discretion.”
 

 There is no claim that the plaintiff, in the divorce action pending before the respondent, was in default or had disobeyed any order of the court. She was, therefore, in the absence of any intervening party seeking affirmative relief, entitled to prosecute or dismiss her action at her election. If the prosecution of any suit is abandoned, the ultimate action of the court must necessarily be to dismiss it for want of prosecution. Section 11585, General Code.
 

 In the case at bar, no action had been taken upon the merits of the suit for divorce. Section 11586, General Code, provides:
 

 “An action may be dismissed without prejudice to a future action:
 

 “(1) By the plaintiff, before its final submission
 
 *147
 
 to the jury, or to the court, when the trial is by the court; * * *
 

 “(6) By the plaintiff, in vacation, on payment of costs. * * *”
 

 Before the passage of this statute, it was held that the propriety of permitting a plaintiff, in an equity suit, to dismiss his bill without prejudice, rested in the sound discretion of the court, and that there was no stage of the trial at which he had an absolute right to do so
 
 (Conner
 
 v.
 
 Drake,
 
 1 Ohio St., 166; see, also,
 
 Taylor
 
 v.
 
 Alexander,
 
 6 Ohio, 144) but since the adoption of the above statute (Section 372, Civil Code, 51 Ohio Laws, 118, adopted March 14,1853), the plaintiff’s right to terminate the suit at any time before the final submission of the case on its merits is absolute and is not dependent upon the discretion of the court.
 
 Dayton & Western Rd. Co.
 
 v.
 
 Marshall,
 
 11 Ohio St., 497. In fact, a dismissal by the plaintiff involves no discretion or even any action on the part of the court.
 
 Siegfried
 
 v.
 
 Railroad Co.,
 
 50 Ohio St., 294, 297, 34 N. E., 331.
 

 Since the plaintiff in the divorce action had the right to have her action dismissed, and since such right of dismissal was not dependent upon the discretion of the court, the request to dismiss should have-been allowed. A judgment for costs may, of course, be rendered.
 

 The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Day, Myees and Matthias, JJ., concur.