**STATE ex rel LIPMAN v MACK**

Ohio Appeals, 1st Dist.,
Hamilton Co.

No. 6128. Decided April 13, 1942.

Rosen & Rosen, Cincinnati, and Sol Goodman, Cincinnati, for relator.

Graydon, Lackner, Head & Ritchey, Cincinnati and August A. Rendigs, Jr., Cincinnati, for respondent.

### OPINION

By ROSS, J.

This is an original action in this court, whereby the relator seeks to compel a judge of the court of common pleas to enter judgment of dismissal of an action without prejudice to future proceedings. The action might properly be termed procedendo, but the Supreme Court has recognized mandamus as a proper remedy under the instant circumstances. **The State, ex rel Cash et al v Rose, Judge, 136 Oh St 143.** The issues are of law created by demurrer to the petition.

The difficulty between relator and respondent grows out of a precedent stipulation imposed by the court upon relator requiring the payment of costs before the entry of dismissal would be entered. No such discretionary power lies in the court prior to submission of the cause to court or jury. §11586 GC; **State, ex rel Cash et al v Rose, Judge, 136 Oh St 143;** and **State ex rel Strong v Cook, 124 Oh St 478.**

"A judgment for costs may of course be rendered." **State ex rel Cash et al v Rose, Judge, 136 Oh St 143, 147, supra.**

The absence of any requirement as to the prepayment of costs in cases similar to that here involved is made noticeable by such requirement under other procedural steps in litigation. §11361 GC, provides:

"Within ten days after a demurrer is filed, the adverse party may amend, without leave, on payment of costs since filing the defective pleading. Notice of filing an amended pleading shall be forthwith served upon the other party, who shall have the same time thereafter to answer, or reply thereto, as to an original pleading."

And in §11363 GC, the Court is given discretion to permit amendment "on such terms as it deems proper."

In Sec. 11360 GC, amendment is permitted without leave, and no reference is made to prepayment of costs.

It would therefore seem clear that the legislature fully appreciated the propriety and justice of requiring prepayment of costs under certain circumstances, and that its failure to so require prepayment was not due to mere oversight, but was studied and purposefully intended to operate only in the instances where such prepayment is specifically required.

For these reasons, the demurrer is overruled.

MATTHEWS, PJ., & HAMILTON, J., concur.