(No. 26780.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* HERBERT BURKE *et al.,* Plaintiffs in Error.

*Opinion filed March 16, 1943—Rehearing denied May 13, 1943.*

GEORGE M. TEARNEY, for plaintiffs in error.

GEORGE F. BARRETT, Attorney General, and THOMAS J. COURTNEY, State's Attorney, (EDWARD E. WILSON, JOHN T. GALLAGHER, and MELVIN S. REMBE, of counsel,) for the People.

Mr. JUSTICE GUNN delivered the opinion of the court:

Plaintiffs in error, Herbert Burke, John Flynn and Thomas Fahey, were indicted in the criminal court of Cook county for the crime of burglary and larceny. Upon trial before the court, without a jury, they were found guilty of grand larceny and sentenced to confinement in the penitentiary.

The evidence shows a meat market at the corner of Sixty-ninth street and Normal avenue in the city of Chicago was burglarized on the night of November 23, 1940, and meats and hams of the value of $53 taken and carried away. About two o'clock in the morning a witness, living across the street, saw three men in front of the market, one of whom put his foot through the window pane, and

the other two entered the store, one remaining out in front. The police were notified and arrived about 3:00 A. M., and observed the glass in the store was broken, and found defendant Fahey near the corner of the building. Another of the officers walked to the rear of the building, and upon entering, found the other two defendants on the inside.

Part of the contents of the store was piled up near the door in baskets. The automobile of one of the defendants was found parked in the street some distance away, and had been recently driven, as was revealed by the radiator, which was still hot. None of the stolen goods were found in the possession of the defendants. Each of the defendants took the witness stand and testified he had been drinking heavily, and did not steal any of the meat; that they entered the back door thinking it was a tavern where they might get some cigarettes. The automobile belonged to Fahey, who testified he left the car at the curb because he became ill, and did not think he could drive it any longer. Burke claimed he was not acquainted with the other two defendants, and the others claimed they were only slightly acquainted with each other.

The plaintiffs in error contend they were not proved guilty beyond a reasonable doubt, and that the court erred in failing to call one Thomas Hand as a court's witness. The evidence in the case shows beyond any question the three plaintiffs in error broke and entered the building in question in the nighttime. The evidence also shows that personal property was taken from the building in sufficient amount to constitute grand larceny.

The contention is also made there is no proof of the *corpus delicti;* that is there is no proof the plaintiffs in error were guilty of larceny of the goods missing from the building. However, the evidence shows that on the evening of November 22, the goods were in the building; and also shows that one of the defendants broke the glass about two o'clock in the morning of the 23rd, and remained on the outside, and the other two defendants entered the

building. When the police arrived about an hour later defendants were still either in, or in the neighborhood of, the premises; a part of the goods were stacked in baskets near the door, and a part missing. In the present case there is no doubt but what there was a burglary, and also a larceny.

The plaintiffs in error were apprehended after they had had an opportunity to remove and conceal a part of the goods. There is no intimation of opportunity upon the part of anybody else to take and carry away the stolen goods.· The *corpus delicti* may be established by circumstantial evidence as well as by direct testimony. (*Carroll v. People,* 136 Ill. 456.) We think the evidence convincingly shows not only that the plaintiffs in error broke and entered the building in question, but also the evidence shows beyond a reasonable doubt they stole a part of the contents thereof.

It is claimed the court committed error in failing to call one Thomas Hand as a court's witness upon the request of the plaintiffs in error. Plaintiffs in error called the witness Hand, who testified that early in the morning he walked by the store in question, and notified the police he thought a robbery had been committed, and drove back to the store and saw the police arrest three men, and they were all intoxicated. No reason is pointed out why the court should have called this witness for the prosecution, or how the defendants were injured by his refusal to do so.

It is further contended the court was prejudiced against the plaintiffs in error. We have examined the record, and are of the opinion this contention is wholly without foundation. From a consideration of the evidence we are convinced the plaintiffs in error had a fair trial, and that the evidence shows they were guilty beyond a reasonable doubt.

The judgment of the criminal court of Cook county is affirmed.

*Judgment affirmed.*