(No. 27965.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* HUBERT WAGGONER *et al.*, Plaintiffs in Error.

*Opinion filed Nov. 22, 1944—Rehearing denied Jan. 15, 1945.*

PAUL H. REIS, of Belleville, (R. B. HENDRICKS, and ROBERT RUTLEDGE, both of East St. Louis, of counsel,) for plaintiffs in error.

GEORGE F. BARRETT, Attorney General, and C. W. BURTON, State's Attorney, of Edwardsville, (FRED P. SCHUMAN, of Granite City, and HAROLD G. TALLEY, of Alton, of counsel,) for the People.

Mr. JUSTICE GUNN delivered the opinion of the court:

Plaintiffs in error, Hubert Waggoner and Virginia Ellifritz, were indicted jointly with Earl Mick, Edwin Mick and Irene Mick for stealing five hogs owned by one Jule H. Bode. Waggoner and Ellifritz obtained a severance and were tried before a jury in the circuit court of Madison county and found guilty, and the value of the property stolen fixed at $150. Motions for a new trial and in arrest of judgment were made and denied by the court, and both plaintiffs in error were sentenced to the penitentiary.

An understanding of the facts is necessary for a consideration of the points raised for reversal. Jule H. Bode and Gus Mick and his family lived on adjoining farms. Mick had five children, including those involved in this case, all of whom resided with him. About the first or second of August, 1943, Bode missed five Chester White hogs, four weighing from 185 to 190 pounds each, and one sow weighing approximately 350 pounds. Upon searching

for them he found a hole in the fence caused by a washout, and tracks indicating they had wandered onto the premises of Mick. On the sixth of August plaintiffs in error drove an automobile up in front of the Mick premises. The three Mick codefendants, only, were present. The purport of the conversation and actions that took place is substantially as follows: that plaintiff in error Waggoner, noticing the five Chester White hogs in the farm lot, wanted to buy them, and was informed by the Micks that they did not own those particular hogs, and that they belonged to either Bode or to someone else in the neighborhood from whom they had escaped. Waggoner then proposed he would pay them $40 to assist in loading the hogs, and after he had driven them into a pen the two Mick boys assisted in loading the hogs in the rear of the autmobile, and Irene Mick watched to see that her father did not come upon the scene. After the hogs were loaded Waggoner paid $40 to Irene Mick, and she gave each of her brothers $10 and kept $20. Apparently the Ellifritz woman stayed in the automobile at the front of the house, as the evidence shows she was ordered to drive the car in, and, while the hogs were being placed in the back end, opened and closed the door of the car. Upon these facts it is contended that the *corpus delicti* was not established.

The evidence shows Bode owned five hogs of the breed and weight described in the indictment; that five hogs of like description wandered upon and were taken from the premises of Gus Mick, with the active assistance of three of the Mick children; that plaintiff in error Waggoner was informed the hogs belonged to Bode, or some nearby neighbor. Sufficient was disclosed to show that Mick did not own them, and that a neighbor did own them, and that that neighbor was probably Bode. About September 1 Gus Mick paid Jule H. Bode $171.50 for the hogs

his children had assisted in delivering to plaintiff in error Waggoner. The contention that the *corpus delicti* has not been established cannot be sustained. It may be established by circumstantial evidence. (*People* v. *Burke,* 382 Ill. 488.) Where the facts, as here, disclose with practical certainty that the hogs wandered away from the premises of Bode and to that of Mick, and thence into the truck of plaintiff in error Waggoner, without explanation from the latter, *prima facie* proof that the property was that of Jule H. Bode has been established.

It is also contended that larceny has not been established because Waggoner found the hogs upon the Mick premises, and if they were not the property of the latter subject to sale by his children, they were at least estrays, and no intention to steal from Bode was shown. The evidence discloses that Waggoner was advised the hogs did not belong to Mick; that they belonged to a neighbor; that they probably belonged to Bode. Knowing this, Waggoner went down into the pasture, drove them into a lot, engaged the assistance of the Mick family by the payment of $40, and took away hogs of the value of $150. The rule laid down in *People* v. *Betts,* 367 Ill. 499, applies. We there held that in the case of lost goods the finder may be guilty of larceny if he intends to deprive the owner permanently of his property, if he knows or has a reasonable clue as to who the owner is. We held the principle did not apply in the *Betts case* because the evidence failed to show such an intent. The evidence in the instant case is to the exact contrary. Waggoner was informed that the Micks could not pass title: He then goes through the elaborate fiction of paying them $40 to assist in loading the hogs into the automobile, which common sense dictates can be considered in no other light than engaging them to participate in getting possession of five hogs belonging to some other person, and for the purpose of de-

priving him of such ownership permanently. The evidence was ample to furnish a clue as to the ownership of the property.

Complaint is made that the conviction is based upon the testimony of accomplices. A conviction may be sustained upon such testimony if there are corroborating circumstances or evidence. Neither Gus Mick nor Jule H. Bode were accomplices. The testimony of Bode as to the weight and kind of hogs, and as to their having wandered to the Mick premises is corroborative of the facts narrated by the other witnesses; and so also is the testimony of Gus Mick that he paid Bode for hogs weighing substantially the same as those described as being stolen. We are satisfied that the evidence shows that plaintiff in error Waggoner intended to get possession of the five Chester White hogs in question, and, when he could not prevail upon the Mick defendants to participate in the taking, used the thinly disguised device of procuring their assistance by paying them for labor in aiding with the loading. Under the attendant circumstances, the fact Waggoner gave his assistants large pay for the pretended services, but in fact a small share of the value of the property taken, is not strong proof of a good faith purchase of the property in question. There are other questions raised which we have considered but hold either not material or harmless.

We are, however, not satisfied with the judgment with respect to the plaintiff in error Virginia Ellifritz. There is no testimony directly connecting her with larceny of the property other than that she was in the automobile when Waggoner drove to the premises, and she was included in the conversation by general terms used by the witness Irene Mick. She had a small child with her; she was sitting in the seat of the automobile most of the time; the conversation was carried on by Waggoner; the money was paid by him, and the hogs were driven in from the pasture and loaded by him with the assistance of the Mick

boys. There is nothing to show Waggoner had conceived the idea of stealing hogs until he learned those involved did not belong to the Micks. The only connection plaintiff in error Ellifritz had with the transaction under the evidence was that, having been riding with Waggoner, he ordered her to drive the automobile into the yard, after arranging for the assistance of the Micks, and while the hogs were being loaded she opened and closed the door of the automobile while the men put them in. Apparently, the trial court seemed to be in doubt as to the extent of her participation because she was given a lighter sentence, and, after conviction, the State's Attorney advised the court he was willing to have her admitted to probation.

No facts are shown as to any active participation of plaintiff in error Ellifritz. There is no indication that any intent to commit larceny had occurred previous to the conversation of Waggoner with the Mick witnesses. The larceny was accomplished through the active co-operation of the three members of the Mick family and Waggoner, but we think the evidence wholly fails to show any participation, or taking of the property, by Ellifritz when nothing is offered to show she had an interest in the automobile or the hogs, or furnished any money, or induced the assistance of the Micks. Such evidence may be available but was not forthcoming upon trial.

The judgment of the circuit court of Madison county as against the plaintiff in error Hubert Waggoner is affirmed, and as to the plaintiff in error Virginia Ellifritz, the judgment is reversed and the cause is remanded for a new trial.

*Affirmed as to Waggoner;*
*reversed and remanded as to Ellifritz.*