APPLE, Plaintiff-Appellee, v GANSON, Defendant-Appellant.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 20896.   Decided November 10th, 1947.

William Rosenfeld, Cleveland, for plaintiff-appellee.
Wolf & Krischoff, A. J. Leary, A. J. Trivison, G. J. Mc-Monagle, all of Cleveland, for defendant-appellant.

## OPINION

By SKEEL, J.

This appeal comes to this court from a final order of the trial court vacating an entry of voluntary dismissal, which order of dismissal also included the vacating of an order of sale of the defendant's property by the receiver, previously made.

The action as originally filed was for judgment on a promissory note and the foreclosure of a chattel mortgage given

to secure the payment of said note. The chattel mortgage pledged the personal property of the defendant involved in the operation of the "Hanna Grill" located on East 14 Street in the City of Cleveland.

At the time the plaintiff filed his petition he also filed a motion for the appointment of a receiver. This motion was set down for hearing at once and a receiver appointed to take charge of the "Hanna Grill" with power to operate the business so long as operating expenses could be met.

The receiver took charge of the business after having qualified as required by the order appointing him and on June 16, 1947, filed an application to sell the assets of said building including the D-5 Liquor permit to one Louis Fauer for $18,-500.00. This application was granted by the Court on July 5, 1947, said order of sale being entered before there had been a judicial determination that the defendant was indebted to the plaintiff in any amount whatsoever or that there had been a breach of covenants of the chattel mortgage.

On July 8, 1947, the record shows that a new party plaintiff was substituted. On the same day, following the entry substituting a new party plaintiff, the following entry was made by the court:

"Petition dismissed without prejudice by substituted party plaintiff, Maurice Hirsch, at his costs. The order of sale of assets by receiver heretofore authorized is hereby vacated and set aside and the receiver is ordered to file final report forthwith. No record."

On July 11, 1947, Louis Fauer, who was not a party to the action but who was alleged to be the person with whom the receiver was dealing for the sale of the assets of the "Hanna Grill" filed a motion to vacate the entry of July 8, vacating the order of sale, which motion was by the court granted on July 17, 1947, and the entry setting aside the order of sale was vacated.

On July 25, the court made the following entry:

"The entry of July 8, 1947, dismissing this action is vacated and set aside and cause ordered reinstated. Hearing had. Application to vacate order of sale overruled. Exceptions. Appeal bond fixed in the sum of $20,000.00."

To the order of July 25, 1947, this appeal was filed.

The record does not disclose that any motion was filed seeking to vacate the order of dismissal and there is no record

of any notice to the defendant of such proceeding and there is no evidence of any hearing preceding the order of July 25, 1947.

Thereafter, an order confirming the sale upon application by the receiver was entered on the 8th day of August, 1947, but judgment was not entered against the defendant until August 21, 1947. There is no bill of exceptions disclosing any of the foregoing proceedings so the court is confined to the pleadings and journal entries in determining the questions presented by the appeal.

It is the claim of the defendant that:

"1. The court erred as a matter of law in making any further orders whatever in this cause following its entry of dismissal of July 8, 1947.

"2. The court erred in attempting to vacate the entry of July 8, 1947 and to reinstate the cause on its own motion after the action had been voluntarily dismissed by plaintiff without prejudice."

By reason of the fact that the order of sale was made before there had been a trial upon the issues it was premature and of no effect.

In the case of **Packing Co. v State ex rel, 106 Oh St 469,** parag. 3 of syllabus, the supreme court held:

"Under the facts presented, where the action and controversy involved the res, or right of property, it was error for the court, on application of the plaintiff and before trial on the merits, to order the seizure and sale of such property by provisional orders, where such seizure and sale would render ineffectual a judgment thereafter obtained after trial."

A plaintiff, before submission of the issues upon trial has the absolute right to dismiss his action without prejudice.

In the case of **State ex rel Cash et al v Rose, Judge, 136 Oh St 143,** the court at **p. 147** said, after citing the provisions of §11586 GC: in holding that the right to dismiss a cause of action rests with the plaintiff and is not dependent upon the discretion of the court:

"Before the passage of this statute, it was held that the propriety of permitting a plaintiff in an equity suit to dismiss

his bill without prejudice, rested in the sound discretion of the court and that there was no stage of the trial at which he had an absolute right to do so (**Conner v Drake, 1 Oh St 166;** see also **Taylor v Alexander, 6 Ohio 144**) but since the adoption of the above statute (Sec. 372 Civil Code 51, Ohio Laws 118, adopted March 14, 1853) the plaintiff's right to terminate the suit at any time is absolute and is not dependent upon the discretion of the court. **Dayton & Western R. R. Co. v Marshall, 11 Oh St 497.** In fact a dismissal by the plaintiff involves no discretion or even any action on the part of the court. **Siegfried v Railroad Co., 50 Oh St 294, 297, 34 N. E. 331.**

"Since the plaintiff in the divorce action had the right to have her action dismissed and since such right of dismissal was not dependent upon the discretion of the court, the request to dismiss should have been allowed."

The power of the court to resume jurisdiction of a cause after it had been dismissed without prejudice was determined by this court in the case of **Goldstein v Klivans, 10 Abs 133.** There the plaintiff voluntarily dismissed his action without prejudice. In denying the plaintiff the right to vacate such dismissal, the court said at page 133:

"It is the view of this court that when the plaintiff by his voluntary act dismissed his proceedings without prejudice and an entry thereof was made upon the court's docket that the cause ended in that court and that no further jurisdiction was reposed in that court with reference to a disposition of that case. We well recognize the right of a court to correct its journal entries within term, but we think that the statute under which that right exists is dependent upon the matter of the court having jurisdiction of that cause and the cause having been dismissed the court could make no further order in that case and it is therefore our view that the trial court improperly sustained the motion to vacate its entry of dismissal and reinstate the case.

"It is said in **Seigfried v Railway Co., 50 Oh St 294, 297,** that:

"'A dismissal by plaintiff involves no action of the court; it is a voluntary withdrawal of his case.'

"The matter then stands as if the case had never been commenced."

In the case of **Johnson et al v Harvester Mutual Fire Ins. Co., 259 Mich. 400, 243 N. W. 242,** the court, in passing on this question on page 242 of N. W. Rep. said:

"The stipulation that the case be dismissed without costs mutually agreed to in open court followed by a formal order of dismissal effectually discontinued the cause as of the date of the stipulation. Chronowski v Zielinski, 168 Mich. 590, 134 N. W. 982. Unless fraudulently obtained, the trial court was without authority to set aside the order of dismissal. Thompson v Bay Circuit Judges, 138 Mich. 81, 101 N. W. 61."

In the case of Fuller v Van Dorf, 324 Ill. App. 463, 58 N. W. (2d) 640, the court held:

"In case of a voluntary non-suit on motion of the plaintiff, the court has no power to set aside the order of dismissal and reinstate the cause unless at time non-suit is taken, leave is given the plaintiff to move to set it aside."

And in the case of Moist v Jones, 323 Ill. App. 286, 55 N. W. (2d) 556, the court held:

"Under the common law the court has no jurisdiction to vacate a judgment or order of voluntary dismissal at instance of the plaintiff."

Also, in Corpus Juris Secundum, Vol. 27, parag. 40, at page 202 under the title "Dismissal and Non-suit" it is said:

"* * * if the action has been dismissed by the agreement of the parties the court has no power to reinstate without the consent of all parties interested, unless it resulted from fraud or collusion."

There is no bill of exceptions showing that the action of the court on July 25, here appealed from, in vacating the entry of July 8, dismissing the action, was based on any claim of fraud or collusion. The record therefore failing to disclose any fact or circumstance conferring jurisdiction upon the court after the jurisdiction of the parties had been completely relinquished by the voluntary dismissal on July 8, 1947, the entry of July 25 vacating the order of voluntary dismissal is reversed and set aside and all orders and judgments subsequent to July 8, 1947, are held to be void and of no legal effect and the cause is remanded with orders to re-establish the entry of dismissal as of July 8, 1947.

HURD, PJ, and MORGAN, J, concur.