STATE EX REL. ALLIS-CHALMERS MFG. CO. ET AL.
v. BOONE CIRCUIT COURT, ET AL.

[No. 28,536. Filed May 24, 1949.]

328

*G. R. Redding,* of Indianapolis, *W. H. Parr,* of Lebanon, *J. D. Cochran,* of Indianapolis; and *Baker & Daniels,* of Indianapolis, *Parr, Parr, & Parr,* of Lebanon (of counsel), for relators.

*Seet & Rigot,* of Indianapolis, and *Scifres & Hollingsworth,* of Lebanon, for respondents.

EMMERT, J.—This is an original action to prohibit the trial court from continuing jurisdiction in a cause pending therein numbered 15964, entitled *Bert Nightenhelser, and Julius Ballard* v. *Allis-Chalmers Manufacturing Company, a corporation, Charles J. Scranton, C. E. Frudden, and Earl Nevin,* after the relator, Allis-Chalmers Manufacturing Company, a corporation organized under the laws and a citizen of the State of Delaware, had filed a verified petition and bond in the penal sum of $1,000 for the removal of said cause to the United States District Court for the Southern District of Indiana, Indianapolis Division. Immediately thereafter said relators filed a copy of said petition and bond with the clerk of the Boone Circuit Court, and gave notice of such removal to counsel for the plaintiffs, pursuant to § 1446, Title 28, U. S. Code [Public Law 773,—80th Congress, Chapter 646—2nd Session, Effective Sept. 1, 1948].

Plaintiffs' first paragraph of second amended complaint charged the defendants with fraud in obtaining their ideas, inventions, plans, drawings and specifications for new types of a corn picker and rotary cultivator. The second paragraph alleged a breach of contract to pay the reasonable value for said property, and

each paragraph demanded damages in the sum of $1,-000,000. The case was being tried by a jury, and before argument, and while the instructions were being indicated by the trial court, the plaintiffs on March 9, 1949, moved the court "that said cause be dismissed as to the defendants Charles J. Scranton and C. E. Frudden," which motion was at said time sustained by the court. No jurisdiction had even been obtained of the defendant Earl Nevin, but defendant Charles J. Scranton, a resident of Indiana, had been duly served with summons, and the defendant C. E. Frudden, who was a nonresident of Indiana, had voluntarily appeared by counsel, so that upon dismissal the only remaining defendant in the trial court was the nonresident corporation, Allis-Chalmers Manufacturing Company.

At the time the plaintiffs voluntarily moved dismissal on March 9th, counsel for the relators stated he was intending to examine the law to determine whether or not removal was proper. The steps for removal had all been completed the following day by 10:30 o'clock A. M., and the morning of said day counsel for the plaintiffs orally moved the court to set aside the ruling on the motion to dismiss, and for leave to withdraw said motion, which counsel for plaintiffs followed by filing a written motion to set aside the ruling on the motion to dismiss, and to withdraw the motion to dismiss, which motion was sustained by the court, and plaintiffs' leave to withdraw the motion to dismiss was granted. Thereupon the court continued the cause until March 16, 1949, at 9:00 o'clock A. M., but indicated it was retaining jurisdiction of the cause.

The first paragraph of respondents' verified return takes the position that the question of removal was one exclusively for the federal courts to decide, and that until the cause is declared removable the Boone Cir-

cuit Court is not without jurisdiction. However, Article 6 of the federal Constitution states that constitution, "and the laws of the United States which shall be made in pursuance thereof" are "the supreme law of the land," and the judges and courts of every state are "bound thereby." The General Assembly of Indiana, following this mandate, has declared "The law governing that state . . . to be:

"First. The Constitution of the United States and of this state.

"Second. All statutes of the general assembly of the state in force, and not inconsistent with such constitutions.

"Third. All statutes of the United States in force, and relating to subjects over which congress has power to legislate for the states, and not inconsistent with the Constitution of the United States." Section 1-101, Burns' 1946 Replacement (1 R. S. 1852, ch. 61, § 1, p. 351).

Under these clear provisions we are bound to decide the issues presented by this original action even though our determination of the law involved may be subject to correction on the federal questions by the subsequent decisions of the federal courts.

The effect of a voluntary dismissal has been well considered by the Ohio courts. In *Apple* v. *Ganson* (1947), 49 O. L. A. 547, 550, 76 N. E. 2d 736, 738, the Court of Appeals of Ohio said:

" 'It is the view of this court that when the plaintiff by his voluntary act dismissed his proceedings without prejudice and an entry thereof was made upon the court's docket that the cause ended in that court and that no further jurisdiction was reposed in that court with reference to a disposition of that case. We well recognize the right of a court to correct its journal entries within term, but we think

that the statute under which that right exists is dependent upon the matter of the court having jurisdiction of that cause and the cause having been dismissed the court could make no further order in that case and it is therefore our view that the trial court improperly sustained the motion to vacate its entry of dismissal and reinstate the case.'

"It is said in *Siegfried* v. *New York, L. E. & W. R. Co.*, 50 Ohio St. 294, 297, 34 N. E. 331, that: ' "A dismissal by plaintiff involves no action of the court; it is a voluntary withdrawal of his case." The matter then stands as if the case had never been commenced.' "[1]

In Illinois, where the practice recognized the right of a plaintiff to file a voluntary dismissal with leave by the court at the time, to move to set it aside and reinstate the cause, the Supreme Court in *Weisguth* v. *Supreme Tribe of Ben Hur* (1916), 272 Ill. 541, 543, 112 N. E. 350, 351, noted the distinction between voluntary and involuntary nonsuits. The court reasoned:

". . . In involuntary nonsuits the court may, in its discretion, set aside the order of dismissal and reinstate the cause. In case of a voluntary nonsuit upon motion of a plaintiff the court has no power to set aside the order of dismissal and reinstate the cause, unless at the time the nonsuit is taken leave is given the plaintiff to move to set it aside. *Barnes* v. *Barber*, 1 Gilman, 401; *Lombard* v. *Cheever*, 3 Gilman, 469. The reason for this rule is apparent. If a plaintiff by his deliberate and voluntary act secures the dismissal of his suit, he must be held to have anticipated the effect and

---

[1] The provisions of the General Code of Ohio as noted in *State ex rel. Cash* v. *Rose, Judge* (1939), 136 Ohio St. 143, 24 N. E. 2d 455, which closely resemble the Indiana provisions on dismissal, provide "An action may be dismissed without prejudice to a future action: (1) By the plaintiff, before its final submission to the jury, or to the court, when the trial is by the court; . . ." This case held that plaintiff's right to dismiss a suit at any time before final submission is absolute and is not dependent upon the discretion or even any action on the part of the court.

necessary results of this action, and should not be restored to the position and the rights which he voluntarily abandoned. Having taken a nonsuit, his only recourse is to begin his action anew."

See also *People ex rel. Waite* v. *Bristow* (1945), 391 Ill. 101, 62 N. E. 2d 545; *People* v. *Wagner* (1945), 388 Ill. 468, 58 N. E. 2d 553; *Fulton* v. *Yondorf* (1944), 324 Ill. App. 452, 58 N. E. 2d 640.

By § 2-901, Burns' 1946 Replacement, (Acts 1881 [Spec. Sess.], ch. 38, § 433, p. 240), "An action may be dismissed without prejudice—First, by the ■ plaintiff, before the jury retires . . ." This was a dismissal in term time, and the statute does not require any postponement for the full taking effect of the dismissal as would have been the case had the dismissal been filed in vacation under § 2-902, Burns' 1946 Replacement. The plaintiff has the absolute right to dismiss under § 2-901, Burns' 1946 Replacement, *supra*, at any time before the jury retires or the finding of the court is announced. *Moore-Mansfield Constr. Co.* v. *Marion, B. & E. Trac. Co.* (1913), 52 Ind. App. 548, 101 N. E. 15. The Indiana practice does not contemplate reservation of a right to reinstate an action after it has been dismissed. The reasoning of the Illinois cases and Ohio cases, *supra*, is persuasive for us to hold that, where there is a voluntary dismissal made in term time, in the absence of fraud or other circumstances not shown by the record in this action which would make it voidable, the trial court has no jurisdiction to set aside the dismissal and reinvest itself with jurisdiction over a defendant over whom it had lost jurisdiction. A dismissal as to a party leaves the case as if he had never been a party at all. *Griffin* v. *Reis* (1879), 68 Ind. 9, 13. Proceedings against a defendant after dismissal as to him are a nullity. *Elston* v. *Drake*

(1841), 5 Blackf. 540. There was no waiver of loss of jurisdiction, or voluntary appearance by the resident parties or their counsel as was the case in *Newkirk* v. *Watson* (1929), 87 Ind. App. 473, 161 N. E. 704, and in *Mahon* v. *Mahon's Admr.* (1862), 19 Ind. 324.

The cause first became removable when it was dismissed as to the resident defendants. *Powers* v. *Chesapeake & Ohio Railway Co.* (1898), 169 U. S. 92, 42 L. Ed. 673, 18 S. Ct. 264; 45 Am. Jur. 900, 901, § 122; Anno. 85 A. L. R. 799; 54 C. J. 304, § 205. The relator in this case fully complied with the procedure for removal provided by § 1446 of Title 28 of the U. S. Code. Clause (e) of § 1446 provides that when the removal is effected "the State court shall proceed no further therein unless the case is remanded." Clause (e) of § 1447 of the same act provides that "If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case. A certified copy of the order of remand shall be mailed by its clerk to the clerk of the State court. The State court may thereupon proceed with such case." Section 1450 of the same act further indicates loss of jurisdiction by the state court by its provision that "All injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court." It would seem clear from the plain language used that the Congress intended that the state court should not proceed with the case or retain jurisdiction after the removal is affected, and that the state court would not be reinvested with jurisdiction unless and until the cause be remanded to the state court.

It is true as contended by the respondents that this court has no jurisdiction to finally determine whether

or not the case was in fact removable. But we are bound by the federal statute on removal, and until the federal courts judicially determine that the state court retains jurisdiction after a case involving these facts has been removed, we are constrained to hold under the issues here presented that the state court lost jurisdiction to proceed further after the removal was effected, and would not resume jurisdiction unless and until the cause be remanded to the state court.

The temporary writ is made permanent, with leave granted to move to vacate the writ when and if the cause be remanded to the trial court.

NOTE.—Reported in 86 N. E. 2d 74.