NOTE.—Reported in 285 N. E. 2d 646.

STATE EX REL. LYONS *v.* LAKE SUPERIOR COURT, ROOM 3, FRED A. EGAN, JUDGE.

[No. 172S9. Filed August 9, 1972.]

*George W. McCain,* of Gary, for relator.

*Thomas L. Murray, Thornburg, McGill, Deahl, Harman, Carey & Murray,* of South Bend, for respondents.

DEBRULER, J.—This is an original action in this Court for a writ of mandate against the Lake Superior Court, Room 3, presided over at the time by the Honorable Fred A. Egan, Judge.

The relator, Mary Lyons, is plaintiff in a wrongful death claim against the Northwest Engineering Company, first

initiated in the respondent court. On September 10, 1970, relator filed a Notice of Motion for Judgment by Default. The defendant, Northwest Engineering Company filed a response to the default motion alleging that prior to September 10, 1970, it had caused the claim to be removed to the United States District Court for the Northern District of Indiana, Hammond Division, pursuant to 28 U.S.C. § 1446, and requested the state trial court to abate the Notice of Judgment by Default unless the cause be remanded to the state court by the federal court. The trial court made the following ruling on relator's default motion over a year later on October 29, 1971:

> "The Court having heretofore heard arguments of counsel on plaintiff's motion for judgment by default, and having taken its ruling under advisement, now finds that this court is divested of jurisdiction of said cause and the said cause has been duly transferred to the U.S. District Court for the Northern District of Indiana, Hammond Division."

Relator in her petition for writ of mandate in this Court requests us to issue a mandate writ requiring the trial court "to accept jurisdiction and grant a default judgment in plaintiff's favor." After hearing we denied a temporary writ. We now deny the permanent writ.

It is relator's claim in support of issuance of the writ that the defendant below did not successfully effectuate removal to the Federal District Court in that defendant failed to comply with 28 U.S.C. § 1446(e), by failing to comply with TR. 5(E) and TR. 11, when filing a copy of the removal petition with the respondent trial court, and that as a consequence of this failure to comply with our State procedural rules, jurisdiction remained in the respondent court, and that the respondent court should have considered her default motion and granted it.

On September 11, 1970, the day after filing her motion for default judgment in the state trial court, relator filed a Motion to Remand with the Federal District Court pursuant to 28 U.S.C. § 1447. This motion was augmented on September 16,

1970, by relator by the filing of a Supplemental Motion for Remand. It was relator's contention in the motion for remand that the defendant Northwest Engineering Company had failed to comply with the requirement of 28 U.S.C. § 1446 (e) and these supporting contentions are the same as those submitted to the state trial judge in support of his retention of jurisdiction for the purposes of granting the motion for default judgment. On February 10, 1971, after argument and briefing, the Federal District Court denied relator's petition to remand. The state trial court's ruling here questioned and quoted above was made on October 29, 1971, after the Federal District Court's denial of remand.

At the time the state trial court denied relator's motion for default, he had been made aware by the defendant's Response to Notice of Motion for Judgment by Default that (1) the Motion for Remand had been denied by the Federal District Court, and (2) that the claim was already at issue in the Federal District Court, and (3) that a pre-trial conference had been set by the Federal District Court. Here the state trial court was well aware that there was an ongoing case before the Federal District Court. Under this posture of the case, there can be no doubt that the state trial court was correct in making the order here attacked.

For the purpose of this case, we need not determine the precise moment when state court jurisdiction terminated. It is sufficient here that Federal District Court's order denying remand to the state court, conclusively demonstrated that as of the date of that order, removal in accordance with the provisions of the Act had occurred and state court jurisdiction terminated. We first recognized the binding nature of such a judicial determination by the federal courts on removal in *State ex rel. Allis-Chalmers Mfg. et al.* v. *Boone Circuit Court, et al.* (1949), 227 Ind. 327, 86 N. E. 2d 74. If relator is not satisfied with the Federal District Court's denial of remand, he is afforded a remedy. That remedy however, is not in the courts of Indiana. It is by way of appeal

in the federal courts. A federal court order denying remand to the state court may be reviewed in the federal courts on appeal of some final appealable judgment. *American Fire and Casualty Co.* v. *Finn* (1951), 341 U.S. 6, 71 S. Ct. 534, 95 L. Ed. 702; *Ex Parte Roe* (1914), 234 U.S. 70, 34 S. Ct. 722, 58 L. Ed. 1217; *Missouri Pacific Ry. Co.* v. *Fitzgerald* (1896), 160 U.S. 556, 16 S. Ct. 389, 40 L. Ed. 536; *Lewis* v. *E. I. DuPont DeNemours & Co.*, 183 F. 2d 29 (5th Cir. 1950). If the state trial court had entered a default judgment in this case on October 29, 1971, instead of denying it that judgment would have been void. *Fossey* v. *State* (1970), 254 Ind. 173, 258 N. E. 2d 616; *Schuchman* v. *State* (1968), 250 Ind. 408, 236 N. E. 2d 830.

The permanent writ is denied.

Arterburn, C.J., Givan, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 285 N. E. 2d 642.