## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 03 2018, 8:45 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Charles E. Justise, Sr.
Michigan City, Indiana

ATTORNEYS FOR APPELLEES

Curtis T. Hill, Jr.
Attorney General of Indiana

Katherine A. Cornelius
Deputy Attorney General
Indianapolis, Indiana

Andrew J. Upchurch
Office of Corporation Counsel
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Charles E. Justise, Sr.,

*Appellant-Plaintiff,*

v.

David Liebel, *et al.*,

*Appellees-Defendants.*

July 3, 2018

Court of Appeals Case No.
18A-PL-102

Appeal from the Marion Superior Court

The Honorable Tim Oakes, Judge

Trial Court Cause No.
49D02-1510-PL-35778

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Plaintiff, Charles E. Justise, Sr. (Justise), appeals the trial court's denial of his motion to lift a stay in the proceedings after the trial court dismissed his Complaint for failure to state a claim upon which relief can be granted pursuant to Indiana Trial Rule 12(B)(6).

We affirm.

# ISSUE

Justise presents us with one issue on appeal, which we restate as: Whether the trial court properly denied the pursuit of his Complaint.

# FACTS AND PROCEDURAL HISTORY

On October 28, 2015, Justise, while an inmate at the Marion County Jail, filed a Complaint against various parties (collectively, defendants), bringing a multitude of different claims. Specifically, he alleged that: (1) the Jail Commander of the Marion County Jail; Jerry Huston (Huston), the librarian at the Wabash Valley Correctional Facility; and Karen Richards (Richards), who is Huston's supervisor, prevented Justise in 2007 from accessing legal materials to pursue his appeal in an unrelated cause; (2) Huston and Richards denied him access to the court in 2009 and 2011; (3) William Wilson, the former superintendent of the Indiana State Prison, and Ron Neal, the superintendent of the Indiana State Prison at the time of filing the Complaint, violated his right to equal treatment in 2010 by denying him the benefit of an Xbox-360 video game console; (5) David Liebel violated his religious rights by denying Justise, an

atheist, the request for proper atheist services and diet; and (5) Metcalf, who works in the mailroom at the Indiana State Prison, confiscated nude photos that had been mailed to Justise in May of 2015. On November 12, 2015, the Complaint was removed from the Marion Superior Court to the United States District Court at the request of the defendants. A notice of removal pursuant to 28 U.S.C. § 1446(d)[1] was filed with the Marion Superior Court and sent to Justise.

[5] Before the United States District Court could grant defendants' request to screen Justise's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), Justise moved to amend his Complaint against defendants. On December 2, 2015, the United States District Court granted Justise's request and noted that "the amended [C]omplaint replaces and supersedes the original [C]omplaint." (Appellees' Vol. II, p. 68). After screening the amended Complaint, the United States District Court dismissed his claims against the defendants "pursuant to 28 U.S.C. § 1915A," with the exception of his claim against Liebel. (Appellees App. Vol. II, p. 45).

[6] On January 7, 2016, Justise filed a second amended Complaint against defendants and after screening this second amended Complaint, the United States District Court, on January 19, 2016, again dismissed his claims against the defendants, with the exception of his claim against Liebel. As before, the

---

[1] Pursuant to 28 U.S.C. 1446(d), the State court can no longer proceed with the cause unless and until the case is remanded by the Federal court.

United States District Court cautioned Justise that this Complaint would replace and supersede the previous one. On May 9, 2016, Justise filed a motion to file a final amended Complaint and motion to remand. By entry of May 12, 2016, the United States District Court granted Justise's motion to file an amended Complaint and ruled that

> [Justise] has filed a motion for leave to file an amended [C]omplaint with an attached proposed amended [C]omplaint. In the motion, [Justise] requests that this Court remand several of the claims in the proposed amended [C]omplaint, that were previously dismissed by this Court, to state court. These claims will not be remanded to state court because they were never removed to this Court. As such, the claims in Section II of the January 19, 2016, Entry shall remain dismissed for the reasons set forth in that Entry. [Justise] is free to pursue these claims in state court.

(Appellees' App. Vol. II, p. 71).[2]

[7] On June 7, 2016, Justise filed a notice of remanded Complaint, together with an amended Complaint, with the trial court. The amended Complaint appeared to contain different and additional defendants than the original Complaint. On June 17, the defendants requested a conference with the trial court to determine "whether his Complaint shall be treated as an Amended Complaint to the original cause or if it shall be treated as a new cause of action." (Appellees'

---

[2] On October 21, 2016, the United States District Court, after receiving Justise's second amended Complaint, granted him leave to proceed with his claims based on religious discrimination and equal protection rights, but dismissed all other claims. Justise settled his federal claims in September of 2017.

App. Vol. II, p. 43). The trial court scheduled a status conference for August 30, 2017. Prior to the status conference, on August 18, 2017, defendants filed a motion to dismiss because Justise had failed to state a claim upon which relief can be granted pursuant to Indiana Trial Rule 12(B)(6). The trial court granted defendants' motion and summarily dismissed Justise's Complaint on August 29, 2016. On September 29, 2016, Justise filed another Complaint in the same cause. On April 26, 2017, defendants moved for a stay of proceedings because the entire case had been removed to federal court and the Marion Superior Court lacked jurisdiction, which was granted by the trial court. On December 21, 2017, the trial court denied Justise's motion to lift the stay.

[8] Justise now appeals. Additional facts will be provided if necessary.

## DISCUSSION AND DECISION

[9] It is well established that once a case has been removed to federal court, the state court is prohibited to conduct further proceedings "unless or until the case is remanded." 28 U.S.C. § 1146. "[T]he state court would not be reinvested with jurisdiction unless and until the cause be remanded to the state court." *State ex rel. Allis-Chalmers Mfg. Co. v. Boone Circuit Court*, 86 N.E.2d 74, 78 (Ind. 1949). Claims that the petition for removal was defective must be addressed in the federal venue, if not remanded by the federal court to the state court. *State ex rel. Lyons v. Lake Superior Court, Room No. 3*, 285 N.E.2d 642, 643 (Ind. 1972). Likewise, the remedy for the federal court refusing to remand to state court does not lie with the state court of appeals; rather it lies in the federal court. *Id.*

After removal to the federal tribunal, Justise filed multiple amendments to his initial Complaint, and each time, the federal court explicitly notified him that the amended Complaint would replace the original Complaint or earlier filings. By the time he filed his final amended Complaint, Justise only sued one respondent, and the parties settled the case. As the case is now closed in federal court, there is nothing to remand to the state court. If Justise wishes to pursue the claims he deleted by amending his several Complaints, he is required to file a new cause of action in state court under a new cause number. Therefore, we affirm the trial court's denial of Justise's motion to lift the stay in the proceedings after dismissing Justise's claim.

# CONCLUSION

Based on the foregoing, we hold that the trial court has no jurisdiction over any part of Justise's Complaint.

Affirmed.

May, J. and Mathias, J. concur