SCHUCHMAN *v.* STATE OF INDIANA.

[No. 30,855. Filed May 16, 1968.]

*Ferdinand Samper* and *Forrest Bowman, Jr.,* of Indianapolis, for appellant.

*John J. Dillon,* Attorney General, *Raymond I. Klagiss,* and *Richard Bennett,* Deputies Attorney General, for appellee.

JACKSON, J.—Appellant and a co-defendant, Jerry Allen Hostettler, were charged by indictment with the crime of abortion. The defendants entered pleas of not guilty. Trial was to a jury resulting in the conviction of the defendants.

The indictment, omitting formal parts reads as follows, to-wit:

"The Grand Jury for the County of Marion in the State of Indiana, upon their oath do present that ABE SCHUCH-MAN, JERRY ALLEN HOSTETTLER on or about the 26th day of March, A.D. 1964, at and in the County of Marion and in the State of Indiana, did then and there unlawfully, feloniously and wilfully employ, use and suggest, direct and advise the use in and upon the body and womb of BEATRICE McPHERON, a pregnant woman, as the said ABE SCHUCHMAN and JERRY ALLEN HOSTETTLER then and there well knew, a certain unknown instrument, with intent then and there and thereby to produce, procure

and cause the miscarriage of the said BEATRICE McPHER-ON, it not being necessary to cause said miscarriage to preserve the life of the said BEATRICE McPHERON, in consequence of which the said BEATRICE McPHERON then and there and thereby miscarried, then and there being contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Indiana."

Appellant herein filed a motion for a separate trial which was denied by the trial court. The cause was set for trial by jury at 10:00 a.m. on May 24, 1965.

Thereafter, on May 24, 1965, appellant filed in the trial court a notice of removal and a file marked copy of a petition for removal together with certain exhibits attached thereto. The notice of removal and petition for removal appear as follows:

"NOTICE OF REMOVAL
TO THE PLAINTIFF IN THE ABOVE ENTITLED CAUSE:

You are hereby notified that Abe Schuchman, defendant in the cause of action designated as:

State of Indiana v. Abe Schuchman, Cause No. CR64-45, has filed the 24th day of May, 1965, in the United States District Court, Southern District of Indiana, Indianapolis Division, the Petition For Removal, attached hereto."

"PETITION FOR REMOVAL

Comes now the petitioner, Abe Schuchman, and respectfully shows the court:

1. That he is the defendant in a certain cause of action now pending in the Criminal Court of Marion County, Indiana, Division One, being Cause No. CR64-45, which cause of action is a criminal case. That said cause is pending within the Indianapolis Division of the Southern District of Indiana.

2. That he is a resident of and citizen of the State of California. That he has been denied and cannot enforce in the courts of the State of Indiana his rights of equal protection of the law as guaranteed by the Fourteenth

Amendment to the Constitution of the United States and his right to counsel as guaranteed by the Sixth Amendment to the Constitution of the United States, by reason of the facts set out in Exhibit B, attached hereto. That the aforesaid denial of rights has occurred and is threatened in this cause.

WHEREFORE, petitioner prays that this cause be removed to this court, and for all further and proper relief in the premises."

The entry of remand of the United States District Court for the Southern District of Indiana, Indianapolis Division, omitting caption and formal parts, reads as follows:

"This cause came before the Court upon the defendant's petition for removal of a criminal action now pending in the Marion Criminal Court, Division No. 1, Indianapolis, Indiana, in Cause No. CR 64-45, to this Court.

The Court having considered the petition for removal and being fully advised in the premises hereby DENIES the petition for removal.

The petitioner contends that he has been denied and cannot enforce in the courts of the State of Indiana his rights of equal protection of the law as guaranteed by the Fourteenth Amendment and his right to counsel as guaranteed by the Sixth Amendment of the Constitution of the United States. Petitioner further contends that denial of the above rights result from a denial of the state court trial judge to grant petitioner a continuance in Cause No. CR 64-45. The grounds stated in the petition for removal are not within the purview of sections 1441 and 1443 of Title 28, United States Code.

If a state trial court permits an infringement of a person's constitutional rights, that person may seek relief on appeal to the higher courts of the state with ultimate review, if necessary, by the United States Supreme Court.

IT IS THEREFORE ORDERED that this cause be and the same hereby is REMANDED to the Marion Criminal Court, Division No. 1. It is further ordered that the Clerk of this Court mail a copy of this order of remand to the clerk of the Marion Criminal Court, Division No. 1, for further proceedings."

The State presented its evidence in chief, in part, on May 24, 1965, and concluded its evidence in chief on May 25, 1965.

At the conclusion of the State's evidence each of the defendants orally moved for a discharge, which was overruled by the court.

Defendant-appellant presented his evidence in chief and rested May 25, 1965. The State submitted no rebuttal evidence.

Thereupon the court instructed the jury which retired for deliberation and verdict. The jury returned its verdict on May 25, 1965. The verdict reads as follows:

"We, the Jury, find the defendant guilty of the crime of Abortion and that he shall be fined in the sum of $100.00 dollars."

The court ordered a Pre-sentence Investigation as to each defendant. The Pre-Sentence Investigation was filed and on June 18, 1965, appellant was sentenced as follows:

"IT IS THEREFORE ORDERED ADJUDGED AND DECREED by the Court that the Defendant Schuchman being found guilty as charged by a Jury is now sentenced to the Indiana State Prison for a period of not less than three (3) years nor more than fourteen (14) years and fines him in the sum of one hundred ($100.00) dollars and costs. Defendant Schuchman is of true age forty two (42) years."

On June 18, 1965, appellant filed his motion for a new trial, such motion contains thirty-four (34) grounds and used twenty-three pages of record. Appellant did not waive any of the grounds in his motion for new trial, but we deem it unnecessary to give consideration to any of the grounds other than those set out at paragraphs 22 and 23 of appellant's motion, which read as follows:

"22. Irregularity in the proceedings of the Court by which the defendant was prevented from having a fair trial as follows, to-wit:

The Court purported to conduct a trial of this cause at a time when exclusive jurisdiction of this cause was vested in the United States District Court for the Southern District of Indiana, Indianapolis Division.

23. Error of law occurring at the trial as follows, to-wit: The trial of this cause was conducted at a time when exclusive jurisdiction of this cause was vested in the United States District Court for the Southern District of Indiana, Indianapolis Division."

Appellant's Assignment of Errors contains two specifications as follows:

"1. The Court erred in overruling appellant's Motion For New Trial.

2. The Court erred in conducting the trial of this cause at a time when jurisdiction of this cause was vested exclusively in the United States District Court for the Southern District of Indiana, Indianapolis Division."

The record herein clearly shows that on the morning of May 24, 1965, prior to the trial of this cause in the court below, appellant had filed with the United States District Court for the Southern District of Indiana, Indianapolis Division, his petition for removal of said cause. The record further shows that the clerk of the trial court received from appellant a file-marked copy of the removal petition, but failed or refused to file it. The record shows that appellant served a copy of the removal petition upon the State of Indiana by its Deputy Prosecuting Attorney. Finally, the special bill of exceptions shows that appellant then brought the matter to the attention of the trial judge by filing with him, in open court, and in the presence of the Deputy Prosecuting Attorney, an additional file marked copy of the removal petition.

The removal of a criminal case to a Federal Court is regulated by Federal Statute, as it appears in 28 U.S.C.A., §§ 1443, *et seq.*

"§ 1443. Civil rights cases
Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law."

"§ 1446. Procedural for removal

(a) A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a verified petition containing a short and plain statement of the facts which entitle him or them to removal together with a copy of all process, pleadings and orders served upon him or them in such action.

. . . .

(c) The petition for removal of a criminal prosecution may be filed at any time before trial.

. . . .

(e) Promptly after the filing of such petition and bond the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the petition with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.
. . . ."

"§ 1447. Procedure after removal generally

. . . .

(c) If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case, and may order the payment of just costs. A certified copy of the order of remand shall be mailed by its clerk to the clerk of the State court. The state court may thereupon proceed with such case.
. . . ."

The State court loses jurisdiction at the very latest when service of the removal petition is subsequently made on the state court and the plaintiff. There is one case indicating that State court jurisdiction terminates with the filing of the removal petition in the Federal Court. *Shenandoah Chamber of Progress* v. *Frank Associates* (1950), 95 F. Supp. 719.

In any event, the state court in this case had lost jurisdiction when it commenced the trial of this cause. This is not affected by the fact that the cause was subsequently remanded. Prior to the enactment of the 1948 Judicial Code, a defendant relied upon a removal at his peril. This is no longer the situation.

"By providing in Section 1446 that taking such procedural steps effects the removal of the cause to the Federal Court, which is not found in the earlier Act, Congress has thereby expressly effected the removal of the cause to the Federal Court irrespective of the ultimate determination of the question as to whether or not it is removable; it is not thereafter in the State court for any purpose until and unless the case is remanded; for that reason the State court is expressly prohibited from proceeding further until and unless it is so remanded; under Sec. 72 the removal was never accomplished unless it was a cause removable; under the present Act removal is accomplished and jurisdiction attaches in the Federal Court even though it may be subsequently determined that it should be and is thereafter remanded. Removability is no longer a criterion which gives or denies validity to the proceedings in the State court while a petition for removal to the Federal Court is pending; any such proceedings in the State court under the present act are not sanctioned; they are prohibited." *Hopson* v. *North American Ins. Co.* (1951), 71 Idaho 461, 233 P. 2d 799, 802.

"The relator in this case fully complied with the procedure for removal provided by Sec. 1446 of Title 28 of the U. S. Code. Clause (e) of § 1446 provides that when the removal is effected 'the State court shall proceed no further therein unless the cause is remanded.' Clause (e) of § 1447 of the same act provides that 'If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case. A certified copy of the order of remand

shall be mailed by its clerk to the clerk of the State court. The State court may thereupon proceed with such case.' Section 1450 of the same act further indicates loss of jurisdiction by the state court by its provision that 'All injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court.' It would seem clear from the plain language used that the Congress intended that the state court should not proceed with the case or retain jurisdiction after the removal is affected, and that the state court would not be reinvested with jurisdiction unless and until the cause be remanded to the state court.

It is true as contended by the respondents that this court has no jurisdiction to finally determine whether or not the case was in fact removable. But we are bound by the federal statute on removal, and until the federal courts judicially determine that the state court retains jurisdiction after a case involving these facts has been removed, we are constrained to hold under the issues here presented that the state court lost jurisdiction to proceed further after the removal was effected, and would not resume jurisdiction unless and until the cause be remanded to the state court." *State ex rel. Allis-Chalmers Mfg. Co.* v. *Boone C. Ct.* (1949), 227 Ind. 327, 334, 86 N. E. 2d 74.

"I hold that when a judge is hearing a matter in open court and on the bench, and an instrument, such as the petition for removal in this case, is handed over to him, it is not given to him to put in his hip pocket or throw in the wastebasket, but as an instrument that is filed with the papers in the cause; and since the clerk is the custodian of all documents that are submitted to the judge in open court and during a hearing, the District Judge was obligated to turn the petition for removal handed to him by the attorney for the Defendants, over to the Clerk. His failure to do what he is in law supposed to do will not deprive this court of exclusive jurisdiction over this matter from the moment that the petition for removal was presented to him. If he had any doubts as to its authenticity, all he had to do was to inquire from the Clerk of this Court.

I hold that when a petition for removal is presented to a state district judge, in open court, the requirements of Section 1446(e), Title 28 U.S.C.A., have been complied with; that the state district judge is put on notice that the case has been removed from his court, and that he can no longer proceed." *Adair Pipeline Co.* v. *Pipeliners Local Union No. 789* (1962), 203 F. Supp. 434, 437.

416

The record herein shows, without contradiction, that the trial of this cause was had in the court below on May 24 and 25, 1965, that before the commencement of the trial on May 24, 1965, notice of the filing of the petition to transfer was given the deputy prosecuting attorney, the court and the clerk of the trial by giving each of them a copy of such petition with the file mark of the United States District Court thereon. That even under the interpretation most favorable to the contention of the state, the earliest moment that notice of remand could come to the trial court was at approximately 5:00 p.m. on May 25, 1965, when the clerk of that court mailed to the clerk of the criminal court of Marion County a certified copy of the order of remand. There can, under the circumstances, as shown by the record, be no question but that the trial and verdict was had and reached at a time when the trial court had no jurisdiction in this cause. The trial, verdict and judgment thereon is void.

The judgment is reversed and the cause remanded to the trial court for further proceedings.

Hunter, J., concurs; Arterburn and Mote, JJ., concur in result; Lewis, C. J., not participating.

NOTE.—Reported in 236 N. E. 2d 830.