SAMS *v.* STATE OF INDIANA.

[No. 1167S123. Filed January 28, 1969. Rehearing denied March 14, 1969.]

*Frank E. Spencer* of Indianapolis, for appellant.

*John J. Dillon,* Attorney General, and *Richard V. Bennett,* Deputy Attorney General, for appellee.

ARTERBURN, J.—This is an appeal from a judgment in which the appellant was charged with the offense of second degree burglary in Count One and the offense of carrying a concealed weapon in Count Two.

Appellant was tried by the court and found not guilty of Count Two and guilty of second degree burglary, Count One.

The only question before us is the sufficiency of the evidence. In the Memorandum in the motion for new trial the appellant states:

"The only evidence that the defendant was guilty of second degree burglary was his admission which he states was given under duress.

"At the close of the state's case, the defendant moved for discharge as there was nothing showing he was or had been in the building.

"The officer testified he heard someone inside but that he was never caught."

For the purposes of this appeal we must review the evidence most favorable to the state, with all logical inferences to be drawn therefrom. *Fisher* v. *State* (1966), 247 Ind. 529, 219 N. E. 2d 818; *Myles* v. *State* (1955), 234 Ind. 129, 124 N. E. 2d 205; *Kallas* v. *State* (1949), 227 Ind. 103, 83 N. E. 2d 769.

The evidence shows that a Mr. Noel owned a package liquor store and a pool room which were adjoining on South Keystone Avenue in Indianapolis. On January 1, 1967, at about 2:00 o'clock in the morning, the place was closed down by the owner, that day being Sunday. Monday, January 2, was also observed as a legal holiday and the places of business were closed. At the time the business was closed on January 1 the windows and doors were closed and in good order. The burglar alarm was set. A police officer states that on January 2, 1967, about 9:30 p.m. the burglar alarm was set off by the breaking of a hole in the wall or partition between the two rooms or businesses, both of which were owned by the same person. Responding to the burglar alarm within a few minutes, the officer of the Indianapolis Police Department encountered the appellant at the northwest corner of the building at the rear. He states: "He was standing right at the northwest corner of the building and I ran into him." Further testimony was also given by the officer:

"Q. And I will ask you, Officer, how far the defendant was from this door of the pool hall, to which you have already testified was standing open?

A. Possibly two or three feet."

The officer further testified that as he was hand-cuffing appellant, "A second subject ran from the rear of the building between the buildings." The defendant's attorney, on cross-examination of the officer, asked the following question:

"Q. Has whoever was in the building ever been apprehended?

A. I have no idea.

Q. You don't know whether this man had anything to do with it at all outside he was outside the building?

A. Yes, sir, he admitted being in the building.

Q. He did?

A. Yes, later on.

Q. Did you at that time advise him that he didn't have to tell you anything?

A. That's right, sir, he was advised of his constitutional rights and he admitted being in the building.

Q. That he was entitled to a lawyer?

A. Yes, sir."

Cross examination of the defendant when he took the stand supported the earlier testimony of the police officer. On cross examination the defendant claimed the statement was made: "After the officer had worked me over with the nightstick."

The defendant now claims on appeal that this testimony offered by the defendant himself in his cross examination after the original introduction of the evidence by the defendant's own attorney, is not competent probative evidence to be considered by the trier of the facts. It will be noted that the evidence was originally introduced by the defendant's own counsel who now seeks to have it excluded. If there was any error or if this evidence was not admissible, it was error on the part of the defendant (appellant) and not the state.

However, we find no error committed by the court, since no objection was made to the evidence at the time it was presented. It is the rule in Indiana that a question cannot be raised on appeal unless proper and timely objection was made in the trial court.

> "We are compelled to hold that since appellant failed to object at trial for the same reasons now being urged, he is deemed to have waived his alleged errors. One may not raise objections for the first time on appeal in this court when there was afforded an ample opportunity to raise the objection during the course of the trial." *Tyler* v. *State* (1968), 250 Ind. 419, 236 N. E. 2d 815, 816; *Dull* v. *State* 1962), 242 Ind. 633, 180 N. E. 2d 523; 9 I. L. E., *Criminal Law,* § 601, p. 91.

It is a fundamental principle of trial practice that where a party to a law suit asks a question, he is bound to the admissibility of the answer if it is responsive to the question. *Johnson* v. *Wilson* (1937), 211 Ind. 51, 5 N. E. 2d 533; *Harless* v. *Harless* (1895), 144 Ind. 196, 41 N. E. 592.

The testimony further shows that when the owner arrived at the building about 10:00 o'clock on the night of January 2, he saw that a window in the pool room had been broken and someone had entered the pool room and had broken through the block wall between the pool room and the package store, and the breakthrough had set off the burglar alarm. Testimony further shows that the owner did not authorize the appellant to enter either of the rooms any time after it was closed on January 1st. The testimony is that the appellant had dirt and dust on his hat and on the knees of his pants, and a sledge hammer was laying near the hole in the wall. When the appellant was searched, a knife was found in his possession. Appellant's story was that he had been to a party that night in Barrington Heights, but could not give the address nor the identity of any person that attended; that at the time he was discovered at the rear of the building, he was attempting to get a bus and had stepped to the rear of the building to urinate.

The evidence here tends to establish more than a mere suspicion of guilt. Circumstantial evidence is evidence of probative value. Because it is circumstantial, it does not necessarily follow that it is mere suspicion. It is evidence which the average rational man would believe. Viewing the evidence, as we must, most favorable to the state, the trier of the fact in this case was entitled to conclude from the evidence and the admission of the appellant that he was guilty of burglary in the second degree, as charged.

The judgment of the trial court is affirmed.

DeBruler, C.J., and Hunter and Givan, JJ., concur.

Jackson, J., dissents without opinion.

NOTE.—Reported in 243 N. E. 2d 879.