**Peter FOSDICK et al., Plaintiffs, Appellees,**

v.

**Frederick DUNWOODY et al., Defendants, Appellants.**

**No. 7440.**

United States Court of Appeals First Circuit.

Heard Jan. 5, 1970.

Decided Jan. 26, 1970.

---

John C. Cratsley and Frank Flanagan, with whom Fred Gerhart was on brief, Cambridge, Mass., for defendants-appellants.

Erwin E. Cooper, Boston, Mass., for plaintiffs-appellees.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

COFFIN, Circuit Judge.

Appellees filed suit in the Middlesex County Superior Court for alleged interference with contractual relations. Appellants petitioned for removal to the federal district court in Massachusetts, but that court granted appellees' motion to remand to the state court. Appellants bring this appeal to contest that order of remand.

We are satisfied that appellants' initial and amended petitions for removal can be treated as being founded on 28 U.S.C. § 1443. We do not believe that the district court's order of remand divested appellants of their right to appeal, since appeal under 28 U.S.C. § 1447(d), as amended, can only be taken after such order, and we have already rejected—by order of December 16, 1969 —appellees' contention that appellants waived their right to appeal by proceeding in state court.[1] We move to the merits of appellants' appeal.

1. In the ordinary remand situation an order of remand is not appealable. Indeed, even the district court may not reconsider its order once the remand has been perfected. In re La Providencia Development Corp., 406 F.2d 251 (1st Cir. 1969). However, since an appeal does lie in section 1443 cases, and since, absent a supersedeas, an appeal does not vacate orders of the district court, further state proceedings are not avoidable and par-

Appellants properly concede that their petition for removal cannot succeed under subsection (1) of section 1443, which requires a person to demonstrate that he is "denied or cannot enforce in the courts" of any state "a right under any law providing for the equal civil rights of citizens of the United States * *." We conclude that appellants have failed to bring themselves within subsection (2).[2] As the Supreme Court held in City of Greenwood v. Peacock, 384 U.S. 808, 824, 86 S.Ct. 1800, 1816, 16 L.Ed.2d 944 (1966), after considerable discussion of the "color of authority" provision,

> " * * * the second subsection of § 1443 confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." [3]

It is patently clear that appellants are not "federal officers or agents" in any meaningful sense of those words. Thus, the dispositive question in this case is whether appellants were "authorized to act with or for" any federal officers or agents.

Appellants' claim is that they —a group of tenants—were sued by their landlord for reporting alleged housing code violations to local and state housing authorities. They have never alleged that any federal officers or agents or any federal law "authorized" them to act as they did, or that they assisted any federal officers in the performance of their official duties. The allegation that they were asserting some federal right cannot satisfy section 1443 (2), for if the mere assertion of a federal right places one "under color of authority" for purposes of subsection (2), subsection (1) becomes wholly superfluous. As the Second Circuit stated in People of State of New York v. Galamison, 342 F.2d 255, 264, 8 A.L.R.3d 263 (2d Cir. 1965), cert. denied, 380 U.S. 977, 85 S. Ct. 1342, 14 L.Ed.2d 272 (1965),

> "It necessarily follows that 'under color of authority derived from' in § 1443(2) has a *narrower meaning* than 'a right under' in § 1443(1), since otherwise * * * the requirement of showing denial or inability to enforce would be avoided by resort to the second." [Emphasis added]

We read the *Peacock* decision to suggest a substantive difference between a federal right and federal authorization when the Court limits section 1443(2) to those acting under some federal authorization. Thus, 42 U.S.C. § 1981 does not help appellants in this case, for even assuming that it confers a federal right on appellants to "give evidence" of housing code violations to the proper authorities, that section in no way purports to confer "authority" to act on anyone. Moreover, the fact that there may be federal laws and federal officials whose purpose is the same as appellants' purpose here does not place their acts "under color of authority" any more than a similar situation in *Peacock* helped appellants there.

Appellants not having acted "under color of authority" within the meaning of section 1443(2), we have no occasion to consider the other prerequisites of that section.

The District Court's order of remand is affirmed.

---

ticipating therein cannot constitute an involuntary waiver of appeal. Non constat there may be an intentional waiver of appeal, but this we did not find.

2. "§ 1443. Civil rights cases
   Any of the following civil actions or criminal prosecutions, * * * may be removed by the defendant to the district court of the United States * * *

* * * * *
(2) For any act under color of authority derived from any law providing for equal rights, * * *."

3. We decline appellants' invitation to "reexamine" the Supreme Court's 1966 interpretation of the "color of authority" provision in section 1443(2), finding it not only inappropriate, but unpersuasive.