## MIKE PRATHER v. STATE OF INDIANA.

[No. 1-373A52. Filed October 4, 1973.]

*William R. Wilson, Hooper, Wilson & Hoffman,* of Lawrenceburg, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

LYBROOK, J.—Defendant-appellant (Prather) was convicted of sale of dangerous drugs (LSD) after a jury trial.

Prather's overruled motion to correct errors presents the following issues for review:

(1) Whether the court erred in permitting the testimony of a witness, whose name did not appear on the list of witnesses furnished defendant by the State.

(2) Whether the court erred in admitting an envelope containing pills alleged to have been LSD when the State did not show a complete chain of custody of the exhibit.

(3) Whether the court erred in refusing to declare a mistrial after the withdrawal of certain evidence from the jury.

(4) Whether the court erred in refusing to declare a mistrial following an alleged improper remark by the Prosecuting Attorney during final argument.

(5) Whether the evidence was sufficient to prove that defendant sold LSD.

The evidence most favorable to the State revealed that in December of 1971, Prather and one Fred Dausch, Jr. were employed at the same company in Lawrenceburg, Indiana. Dausch had asked Prather if he could get any LSD, and Prather had said he would try. On December 4, 1971, Dausch met Prather who sold him five pills for $12.00. Prather said these contained LSD. Later that evening Dausch took two

of the pills at his home. He then became frightened at his reaction to the pills and told his parents he was on a bad trip. His parents called an ambulance, and he was taken to the Dearborn County Hospital. Before entering the ambulance, Dausch gave his father a tinfoil gum wrapper containing the three remaining pills. His father placed the pills on the table, and his mother picked them up and gave them to one of the ambulance attendants. At the hospital, the attendant gave the gum wrapper containing the pills to Dr. Montgomery, who later gave them to Lawrenceburg Police Officer Larry Holt. Holt then delivered them to Lawrenceburg Police Chief Russell Cunningham, who conducted field tests which showed the pills contained LSD. After the tests, Cunningham delivered the pills to State Police Officer Paul Alford, who gave them to State Police Officer Howard Henry.od The pills were subsequently passed to James Forbes, a State Police laboratory chemist in Indianapolis.

On January 7, 1972, Forbes returned the envelope containing the pills to Henry, who took them to the Evidence Room at the Versailles State Police Post where they remained until September 22, 1972, when Henry delivered it to Ann Rummel at the State Police Laboratory. Miss Rummel testified she conducted tests and determined that the pills contained LSD.

The envelope containing the pills was admitted into evidence and displayed to the jury at the close of Miss Rummel's direct examination. On cross-examination she testified that, as required, she inventoried the contents of the envelope. A comparison of her inventory with that of Forbes revealed that the tinfoil packet which she found had not been present when Forbes received the exhibit. Prather then objected, contending that the exhibit had obviously been tampered with. The court sustained the objection. The exhibit was withdrawn, and the jury was admonished to disregard the exhibit and all testimony concerning its contents.

Prather first contends that the trial court erred in allowing the testimony of State's witness Patricia Taggart. He objected when she was called on the grounds that her name had not been included on the State's list of intended witnesses furnished the defendant. Prather's objection was overruled, and the witness was permitted to testify.

Prather argues that the permission of this testimony amounted to a denial of due process of law, citing *Johns* v. *State* (1968), 251 Ind. 172, 240 N.E.2d 60. In that case, the trial judge granted defendant's motion for the production of the names and addresses of witnesses and issued an order directing the State to comply. However, at trial, the State presented four witnesses whose names had not been furnished to the defendant. Our Supreme Court held that only a showing of paramount interest in non-disclosure could justify the State's failure to fully comply with the order. Notwithstanding the fact that he failed to move for a continuance when the witnesses were called, the defendant's conviction was reversed.

More recently, our Supreme Court, in *Gregory* v. *State* (1972), 259 Ind. 295, 286 N.E.2d 666, held that the proper remedy for a defendant to pursue when a surprise witness is called is to move for a continuance. The court distinguished *Johns, supra,* by saying that the reversal there had clearly been imposed as a sanction against the State, partly for an apparent blatant disregard of the court's order to disclose witnesses.

In the case at bar, we find no indication of a deliberate attempt by the State to thwart discovery. Since Prather failed to exercise his remedy of requesting a continuance when the witness was called, we hold that the trial court did not err in permitting the witness to testify.

Prather next maintains that the trial court erred in admitting into evidence an envelope containing pills alleged to

have been LSD when the State failed to show a complete chain of custody of the exhibit. The record reveals that after testimony by several State's witnesses attempting to establish the chain of custody, the court sustained Prather's objection to the exhibit, ordered it withdrawn from evidence, and vigorously admonished the jury to disregard the exhibit and all testimony concerning it. Prather then moved for a mistrial, arguing that no admonishment could be sufficient to erase the evidence from the minds of the jury. His motion was overruled.

Implicit within the court's decision to withdraw the exhibit is the conclusion that it was inadmissible. Therefore, Prather's only argument concerning the exhibit which is relevant to a determination of this appeal, is whether the trial court erred in refusing to grant a mistrial after it had been withdrawn.

Prather maintains that when improper evidence is withdrawn by the court, the defendant may then assert the prejudicial nature of the evidence and request a mistrial at that time, citing *Madden* v. *State* (1897), 148 Ind. 183, 47 N.E. 220, and *Holton* v. *State* (1929), 89 Ind. App. 494, 165 N.E. 921. However, neither of these cases dictate that a motion for mistrial must be granted where evidence is improperly admitted and then subsequently withdrawn by the court. In each case, a determination of this issue was waived due to the defendant's failure to move for discharge of the jury, and the conviction in each case was affirmed.

It has been consistently held that the granting of a motion for mistrial rests largely within the sound discretion of the trial court. *Lolla* v. *State* (1973), 260 Ind. 221, 294 N.E.2d 798. *Bonds* v. *State* (1972), 258 Ind. 241, 280 N.E.2d 313. For this reason, the question of whether a trial court has erred in refusing to grant a motion for mistrial must, of necessity, be determined by the facts of each case as it arises. *White* v. *State* (1971), 257 Ind. 64, 272 N.E.2d 312.

In the case at bar, after ordering the exhibit withdrawn from evidence, the court admonished the jury as follows:

"Members of the jury defense has entered an objection that the court sustain state's exhibit No. 5, which is the white envelope that contains some residue and a piece of foil paper. The court further sustains that objection and that exhibit is now withdrawn in this cause of action and the jury is admonished to disregard this particular exhibit. Do you understand me? You are to disregard this. All right. This is a court ruling."

Subsequently, the court again admonished the jury as follows:

"The Court would add a further admonishment and state that Exhibit No. 5, which was the envelope containing certain items: That you disregard any and all testimony, not only as to the exhibit, but to the contents therein."

While noting the strength of these admonishments, we are convinced that an evaluation of their effectiveness is unnecessary in light of other competent evidence of Prather's guilt presented at trial.

Our Supreme Court has held that the admission of incompetent evidence which tends only to show facts proven by other competent evidence is not reversible error. *Smith* v. *State* (1972), 258 Ind. 594, 283 N.E.2d 365. *Crim* v. *State* (1971), 257 Ind. 51, 272 N.E.2d 85.

The uncontroverted testimony of State's witnesses Russell Cunningham and Paul Alford reveal that after being arrested and informed of his rights, Prather admitted selling LSD. Fred Dausch, Jr. testified that at the time of the sale, Prather told him that the pills contained LSD.

We therefore hold that the admission of the pills was harmless, and the trial court did not err in overruling Prather's motion for mistrial after their withdrawal from evidence.

Prather next contends that the trial court erred in refusing

to declare a mistrial after an alleged improper remark by the Prosecuting Attorney during final argument. However, the alleged remark fails to appear in the record.

This court has held that it cannot consider any matter which is not contained in the record. *Glenn* v. *State* (1973), 154 Ind. App. 474, 290 N.E.2d 103. If an appellant determines that the record of the trial proceedings is inadequate, his proper remedy is to seek correction or modification of the record under Rule AP. 7.2(C). Prather has failed to pursue this remedy.

Finally, Prather contends that the evidence is insufficient to sustain his conviction. Specifically, he argues that absent the evidence improperly admitted as to the chemical nature of the pills, the State has failed to sustain its burden of proof as to the identity of the substance involved in the sale.

With this contention we cannot agree. In *Thorne* v. *State* (1973), 260 Ind. 70, 292 N.E.2d 607, our Supreme Court held that the identity of a drug may be proven by circumstantial evidence. In that case no drugs were introduced at trial. However, Thorne admitted use of LSD and further admitted giving pills containing LSD to his girl friend. The girl friend testified that Thorne told her the pills contained LSD. She admitted previous use of LSD, but the record did not disclose the extent of her use. Further, she testified that the pills induced hallucinations, that her vision became distorted in color and shape, and that sounds became distorted and amplified.

Upon the above evidence the court affirmed Thorne's conviction for possession of dangerous drugs.

In the case at bar, Prather admitted selling LSD to Dausch. Dausch testified that Prather told him at the time of the sale that the pills contained LSD. Dausch testified that the pills induced hallucinations, caused him to hear "all kinds of weird noises," made stationary objects appear to be moving, and rapidly increased his pulse.

We hold that the above evidence, although circumstantial in nature, is sufficient to identify the pills as LSD when coupled with Prather's admission.

IC 1971, 16-6-8-2 (h) ; Ind. Ann. Stat. § 35-3332(h) (Burns 1972 Supp.), defines a punishable sale of dangerous drugs as:

". . . any and every sale and includes . . . (2) exposure, offer or any other proffer, whether or not the offeror has the present ability or capability to complete said transaction by delivering dangerous drugs; . . ."

A literal interpretation of this definition compels the conclusion that a violation of the law occurs at the moment an offer of sale is made. *Pryor* v. *State* (1973), 260 Ind. 408, 296 N.E.2d 125.

Prather's conviction is clearly supported by sufficient evidence upon all the necessary elements of sale of dangerous drugs.

Finding no reversible error, the judgment of the trial court is hereby affirmed.

Robertson, P.J. and Lowdermilk, J., concur.

NOTE.—Reported at 301 N.E.2d 667.