RAUL GARCIA *v.* STATE OF INDIANA.

[No. 1-1072A81. Filed December 27, 1973.]

*Harriett Bailey Conn, (Mrs.)*, Public Defender of Indiana, *Malcolm K. McClintick,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert A. Zaban,* Deputy Attorney General, for appellee.

LYBROOK, J.—Defendant-appellant Raul Garcia (Garcia) appeals from a conviction of Rape following trial by jury and presents the following issues for review:

(1) Whether the trial court erred in permitting the Morgan County Sheriff to testify over appellant's objection concerning a spontaneous statement made by appellant while in custody.

(2) Whether the trial court erred in permitting two State's rebuttal witnesses to testify when their names did not appear on the list of State's witnesses provided the appellant pursuant to an order of the court.

## ISSUE 1.

At trial, appellant called Morgan County Sheriff Paul Mason to testify concerning the appellant's behavior while in custody. On cross-examination by the State, Mason was asked whether appellant had made any spontaneous statements while being transported between the jail and the courthouse. Mason answered in the affirmative. He was then asked to relate the statement at which time counsel for appellant objected. The objection was overruled, and Mason responded as follows:

"It was in the presence of other prisoners and myself coming to court and the conversation was general and he said—he made the statement that it wasn't rape that it was assault with a friendly weapon."

Garcia first asserts that the above testimony was elicited in violation of Trial Rule 43(B) which limits cross-examination of a witness to the subject matter of his examination in chief. We cannot agree.

During direct-examination of Mason, appellant's counsel inquired into the behavior of Garcia while in custody. In

our opinion, this general area of inquiry logically encompasses appellant's spontaneous utterance. The general rule limiting cross-examination to the subject matter raised during direct-examination is not to be given a narrow and restricted meaning, and cross-examination is not confined to the specific facts developed in direct-examination. *Henry* v. *State* (1925), 196 Ind. 14, 146 N.E. 822; *Baker* v. *State* (1967), 249 Ind. 117, 231 N.E.2d 21.

In *Sears* v. *State* (1972), 258 Ind. 561, 282 N.E.2d 807, our Supreme Court said:

". . . The right to vigorous cross examination is fundamental to our adversary process, and wide latitude is allowed both sides in a dispute to ask pointed and relevant questions on cross examination in an attempt to undermine the opposition's case. Thus, any doubt as to the legitimacy of a question on cross examination should be resolved in favor of the questioner."

Garcia secondly objected to the introduction of his statement on the grounds that there had been no showing that he had been advised of his constitutional rights or was aware of the seriousness of the charge pending against him. However, this contention must fail for the following reasons set forth in *Shank* v. *State* (1972), 154 Ind. App. 147, 289 N.E. 2d 315:

"The defendant was in custody, but was not being interrogated by the police. Therefore, under the authority of New v. State (1970), 254 Ind. 307, 259 N.E.2d 696, the statement was admissible. In *New*, at 313-314 of 254 Ind., at 700 of 259 N.E. 2d, it was stated:

'The trial court correctly admitted this testimony. The requirements of warning and waiver imposed by Miranda v. Arizona (1966), 384 U.S. 436, 86 S. Ct. 1602, 16 L.Ed. 2d 694, apply only to custodial interrogation. The statements made to Sgt. Petro while appellant was admittedly in custody, were not made in response to any interrogation. These statements were freely, voluntarily and spontaneously given by the appellant. Such statements are admissible in evidence.'"

Garcia's reliance on *United States* v. *Kroslack* (7th Cir. 1970), 426 F. 2d 1129, is misplaced. In that case, the district court overruled defendant's request for a hearing outside the presence of the jury to determine the voluntariness of a statement made during an interrogation session. The court of appeals held that the district court erred in failing to grant the hearing. The court noted that the failure to conduct a voir dire examination placed the defendant in the dilemma of having either to leave the government's damaging testimony uncontroverted or waive his privilege not to testify in order to controvert the testimony.

Garcia argues that he was placed in the same dilemma in the instant case. However, he made no request for a hearing outside the presence of the jury to determine the voluntariness of his statement. Moreover, the record reveals that the statement was not the result of interrogation but was made spontaneously during a general conversation in the presence of both Sheriff Mason and other prisoners.

Garcia apparently would have us hold that his incriminating statement was inadmissible solely because he chose not to take the stand and testify in his own behalf. This we clearly cannot do.

We therefore hold that Garcia has failed to demonstrate that the trial court abused its discretion in allowing the Sheriff to testify concerning Garcia's spontaneous statement.

### ISSUE 2.

Garcia next argues that the trial court erred in permitting two State's rebuttal witnesses to testify when their names had not been included on the list of State's witnesses furnished the defendant pursuant to an order of the court.

Our Supreme Court has recently held that the proper remedy for a defendant to pursue when a surprise witness is called by the State is to move for a continuance. *Gregory* v. *State* (1972), 259 Ind. 295, 286 N.E.2d 666. See also, *Prather* v. *State* (1973), 158 Ind. App. 61, 301 N.E.2d 667.

An examination of the record reveals that Garcia failed to pursue this remedy. Hence, we must conclude that the court did not err in permitting the witnesses to testify.

Finding no error in the trial proceedings, judgment is hereby affirmed.

Hoffman, C.J. (participating by designation) concurs; Robertson, P.J., concurs.

NOTE.—Reported at 304 N.E.2d 812.