REGINALD DORSEY *v.* STATE OF INDIANA.

[No. 3-176A11. Filed December 7, 1976. Rehearing denied January 12, 1977. Transfer denied April 21, 1977.]

*Harriette Bailey Conn, [Mrs.]*, Public Defender of Indiana, *David P. Freund, Bobby Jay Small,* Deputy Public Defenders, for appellant.

*Theodore L. Sendak,* Attorney General, *James N. Shumacker,* Deputy Attorney General, for appellee.

HOFFMAN, J.—Defendant-appellant Reginald Dorsey was convicted by a jury of the crime of first degree burglary.[1] On appeal, appellant contends that the trial court lacked jurisdiction to try the case, that the trial court erred in denying appellant the right to defend himself, in permitting a witness not on the State's witness list to testify in rebuttal, in permitting testimony of other criminal activity and in admitting certain evidence challenged as hearsay.

Appellant first contends that the trial court lacked jurisdiction over the case and therefore erred in denying appellant's motion for a continuance. Appellant alleges that he filed a *pro se* petition for removal to the United States District Court for the Northern District of Indiana pursuant to 28 U.S.C.A. § 1446, that the District Court correctly characterized the petition as one pursuant to 28 U.S.C.A. § 1443, that the case was thereafter remanded to the State trial court, and that appellant subsequently filed his notice of appeal with the Seventh Circuit Court of Appeals.

Alleging these facts, appellant then contends that the filing of a removal petition in Federal court[2] divests the State court of jurisdiction and that the State court remains

---

1. IC 1971, 35-13-4-4 (Burns Code Ed.).
2. In *Schuchman* v. *State* (1968), 250 Ind. 408, at 414, 236 N.E.2d 830, at 833, our Supreme Court stated:
    "The State court loses jurisdiction at the very latest when service of the removal petition is subsequently made on the state court and the plaintiff. There is one case indicating that State court jurisdiction terminates with the filing of the removal petition in the Federal Court. *Shenandoah Chamber of Progress* v. *Frank Associates* (1950), 95 F. Supp. 719." *See also, Fossey* v. *State* (1970), 254 Ind. 173, 258 N.E.2d 616.
In the case at bar, appellant asserts that the filing of the petition in the Federal court terminates the State court's jurisdiction. However, appellant cannot prevail regardless of which date effectively deprives the State court of jurisdiction.

divested of jurisdiction until the Federal court has remanded the case and the State court has received a certified copy of the remand order. Arguing analogously, appellant further contends that the filing of the notice of appeal with the Federal Circuit Court pursuant to 28 U.S.C.A. § 1447(d) deprives the State court of jurisdiction in much the same way as the filing of the removal petition with the District Court deprived the State court of jurisdiction.

However, the record does not disclose any of the Federal motions. An appellant has the burden of providing this court with a proper record disclosing error. *Scruggs* v. *State* (1974), 161 Ind. App. 666, 317 N.E.2d 807. Thus, it should be noted that the filing of the petition for removal is not shown in the record nor does the record indicate whether removal was effectuated pursuant to 28 U.S.C.A. § 1446 by giving written notice to the adverse parties and filing a copy of the petition with the clerk of the State court. Therefore, there is no indication that the State trial court was ousted from jurisdiction in the first instance. Moreover, it should be noted that after the State court is notified of the remand, it resumes jurisdiction and the defendant who desires to appeal the remand order must obtain a stay of proceedings. *Fosdick* v. *Dunwoody* (1st Cir. 1970), 420 F.2d 1140, n. 1; *People* v. *Bogart* (1970), 7 Cal. App. 3d 257, 86 Cal. Rptr. 737. Thus, the mere filing of a notice of appeal does not, in and of itself, serve to oust the State court of jurisdiction to proceed with the trial.

Appellant next contends that the trial court erred in denying him the right to represent himself at trial.

On April 10, 1975, appellant filed an affidavit rejecting his court-appointed attorney Paul Cholis, exercised his right to proceed *pro se,* and specifically waived his Sixth Amendment right to appointment of counsel. On the same day, the trial court took the following action: "And now the Court overrules said rejection and the assistance of Paul Cholis is still

assigned to this cause for further clarification upon date of trial." Relying on *Faretta* v. *California* (1975), 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562, and *Placencia* v. *State* (1971), 256 Ind. 314, 268 N.E.2d 613, appellant asserts he had a constitutionally guaranteed right to represent himself at trial.

However, the record reflects the following proceedings on July 23, 1975:

"Comes now the defendant herein and appears in person and also appears by counsel, Paul Cholis.

"Comes also the State of Indiana and appears by Deputy Prosecutor Thomas Brunner.

"And now the defendant enters a plea of not guilty to the charges contained in the information.

"And now at the request of the defendant for speedy trial, this matter is set for trial on August 11, 1975.

"*And now the Court has examined the informal motions mailed by the defendant from Jackson Prison and grants the motion for discovery and appointment of counsel to represent him.*

"And all other motions are denied and this matter stands for trial." (Emphasis added.)

Appellant's subsequent request for appointment of counsel renders the issue moot.

Appellant next contends that the trial court erred in permitting the State's rebuttal witness to testify when his name had not been included on the State's witness list. The proper remedy for a defendant to pursue when the State calls a surprise witness is to move for a continuance. *Gregory* v. *State* (1972), 259 Ind. 295, 286 N.E.2d 666; *Garcia* v. *State* (1973), 159 Ind. App. 64, 304 N.E.2d 812.

However, appellant contends that a continuance is the proper remedy only when the State has complied in good faith with pre-trial discovery orders, citing *Johns* v. *State* (1968), 251 Ind. 172, 240 N.E.2d 60.

In *Gregory* v. *State, supra,* at 300 of 259 Ind., at 670 of 286 N.E.2d, our Supreme Court indicated that the reversal

in the *Johns* decision was imposed as a sanction for both the blatant disregard of the court's order to disclose the names of witnesses and for the improper issuance of a search warrant. In the case at bar, the defendant has disclosed no such blatant conduct by the State to thwart discovery. Consequently, appellant's proper remedy was to ask for a continuance when the witness was called.

Appellant further contends that a continuance would not have sufficed in this instance due to the improper nature of the testimony sought to be presented. However, if appellant had requested and received a continuance, he could have deposed the witness, discovered the nature of his testimony, and been prepared to enter a timely objection. Moreover, the mere fact that the witness was not on the State's witness' list does not excuse appellant from making timely objections to any improper questioning of the witness. Thus, the fact that the testimony elicited from the witness may have been objectionable does not make the remedy of a continuance insufficient. Even without a continuance, the objections could have been made to any improper questioning.

Appellant next contends that the trial court erred in admitting evidence of other crimes allegedly committed by appellant.

During the State's case-in-chief, Sergeant Emery Molnar testified, over a general objection, that appellant was incarcerated in Michigan on August 9, 1974, for carrying a concealed weapon and felonious assault. A general objection stating no specific grounds is properly overruled. *Beeler* v. *State* (1952), 230 Ind. 444, 104 N.E.2d 744.

State's witness Dale A. Bolin was permitted to testify, over objection that the question was "improper in form", that he and appellant had committed approximately fifteen burglaries prior to August 1, 1974. Subsequently, Bolin testified as to the method used in

the burglaries. Such evidence tended to establish a common scheme or plan and was therefore within the exception to the rule rendering prior criminal conduct other than that charged inadmissible on the question of guilt. *Cobbs* v. *State* (1975), 264 Ind. 60, 338 N.E.2d 632; *Thompson* v. *State* (1974), 162 Ind. App. 381, 319 N.E.2d 670.

During appellant's case-in-chief, he objected as being repetitious, the asking of the question whether appellant had been convicted of burglary. This objection was sustained and the State did not persist in the question. Additionally, appellant cannot urge a different ground for objection on appeal than was raised at trial. *Tyler* v. *State* (1968), 250 Ind. 419, 236 N.E.2d 815.

Appellant also contends that during rebuttal the State adduced evidence consisting entirely of other alleged criminal misconduct. However, the objection to such testimony was grounded on hearsay. Appellant may not change the basis of that objection on appeal. *Tyler* v. *State, supra.*

Other assertions of error in the admission of evidence of other crimes occurred during appellant's cross-examination of certain witnesses. However, where a party to litigation asks a question, he is bound to the admissibility of the answer if it is responsive to the question. *Sams* v. *State* (1969), 251 Ind. 571, 243 N.E.2d 879.

Appellant's final assertions of error in the admission of evidence of other crimes consists of certain testimony admitted without objection. The failure to make a proper and timely objection in the trial court waives the issue on appeal. *Greentree* v. *State* (1976), 265 Ind. 47, 351 N.E.2d 25; *Sams* v. *State, supra.* Moreover, there is no denial of "fundamental due process" which would excuse appellant's failure to make timely objections and permit this court to consider such issues on appeal. *See, Greentree* v. *State. supra.*

Appellant next contends that the trial court erred in permitting Trooper Vernon Reidsma to testify, over objection, that a gun found in appellant's possession had been taken in a burglary of a home in Union, Michigan. Appellant contends that such testimony constituted hearsay. Assuming, without deciding, that the testimony was hearsay, any error in its admission was harmless. There is evidence that appellant participated in approximately fifteen burglaries during the month of July, 1974, most of which were in Michigan. The mere fact that the jury was informed that appellant was in possession of the fruits of a burglary which took place on July 25, 1974, could not have been prejudicial. Reversal may not be predicated upon the erroneous admission of evidence when evidence having the same probative effect has been admitted without objection. *Boles* v. *State* (1973), 259 Ind. 661, 291 N.E.2d 357.

Having found no reversible error, the judgment of the trial court must be affirmed.

Judgment affirmed.

Garrard, J., concurs; Staton, P.J., concurs in result with opinion.

## OPINION CONCURRING IN RESULT

STATON, P.J.—I concur in result since my rationale would differ from that of the majority. First, the mere filing of a removal petition does not confer jurisdiction, nor does it divest jurisdiction. Second, the defendant, Reginald Dorsey, does have a constitutional right to defend himself. The trial court committed error by denying Dorsey's request to proceed *pro se*. However, this error does not rise to a fundamental error in this cause. Furthermore, the error was harmless. I do not agree that the error is moot. For these reasons, I have concurred in result.

NOTE.—Reported at 357 N.E.2d 280.