Kathleen EBY, Plaintiff,

v.

**ALLIED PRODUCTS CORPORATION, SOUTH BEND STAMPING DIVISION; and Local 5, United Automobile, Aerospace and Agricultural Implement Workers of America, UAW, Defendants.**

No. S 83–174.

United States District Court,
N.D. Indiana,
South Bend Division.

May 13, 1983.

Opinion on Denial of Rehearing
May 17, 1983.

David C. Chapleau, South Bend, Ind., for plaintiff.

Gregory L. Kelly, South Bend, Ind., Richard J. Swanson, Indianapolis, Ind., for defendants.

## MEMORANDUM AND ORDER

SHARP, Chief Judge.

This case is presently before the court on a petition for removal, filed under 28 U.S.C. § 1446. The plaintiff, Kathleen Eby, was an employee of the South Bend Division of Allied Products Corporation (hereinafter defendant-Corporation) and a member of Local 5 of the United Automobile, Aerospace and Agricultural Implements Workers of America, UAW (hereinafter, defendant-UAW). On March 28, 1983, plaintiff filed suit in St. Joseph Superior Court against defendants-Corporation and UAW, claiming that an arbitrator's decision involving the above-named parties was fraudulently obtained. Plaintiff demanded that the Indiana state trial court set aside the arbitrator's decision and empanel a new set of arbitrators to hear the dispute between her and the defendants. Thereafter, on April 28, 1983, defendants filed their Verified Petition for Removal, arguing that because the underlying claims involve an alleged breach of contract by defendant-Corporation and breach of defendant–UAW's duty of fair representation, the action is governed by Sections 301 and 9(a) of the Labor Management Relations Act of 1947, 29 U.S.C. §§ 185 and 159. An examination of the face of the removal petition reveals that the defendants appear to have complied with the procedures requisite for removal under 28 U.S.C. § 1446. This court would not have jurisdiction in this case under 28 U.S.C. § 1332.

Before assuming jurisdiction over this matter, however, this court must first determine whether the case was "improvidently removed." 28 U.S.C. § 1447(c) states, in relevant part:

> If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case, and may order the payment of just costs.

A careful examination of the pleadings compiled to date discloses that the plaintiff's complaint is grounded solely on the Indiana Uniform Arbitration Act, Ind.Code § 34–4–2–1 et seq. (Burns Ann., 1982 Supp.) Specifically, plaintiff had asked the state trial court to vacate an arbitration decision under Ind.Code § 34–4–2–13 (Burns Ann., 1982 Supp.), because the arbitrator's decision was allegedly procured by fraud and misconduct.

Ind.Code § 34–4–2–13 reads as follows: 34–4–2–13 [3–240]. Vacating an award.—(a) Upon application of a party, the court shall vacate an award where:
(1) The award was procured by corruption or fraud;
(2) There was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or misconduct prejudicing the rights of any party;
(3) The arbitrators exceeded their powers and the award cannot be corrected without affecting the merits of the decision upon the controversy submitted;
(4) The arbitrators refused to postpone the hearing upon sufficient cause being shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of section 6[34–4–2–6] of this chapter, as to prejudice substantially the rights of a party; or
(5) There was no arbitration agreement and the issue was not adversely determined in proceedings under section 3[34–4–2–3] of this chapter and the party did not participate in the arbitration hearing without raising the objection; but the fact that the relief was such that it could

not or would not be granted by a court of law or equity is not ground for vacating or refusing to confirm the award.

(b) An application under this section shall be made within ninety [90] days after the mailing of a copy of the award to the applicant, except that, if predicated upon corruption or fraud or other undue means, it shall be made within ninety [90] days after such grounds are known or should have been known.

(c) In vacating the award on grounds other than stated in subsection (a)(5) of this section the court may order a rehearing before new arbitrators chosen as provided in the agreement, or in the absence thereof, by the court in accordance with section 4[34–4–2–4] of this chapter, or, if the award is vacated on grounds set forth in subsection (a)(3) or (a)(4) of this section the court may order a rehearing before the arbitrators who made the award or their successors appointed in accordance with section 4 of this chapter. The time within which the agreement requires the award to be made is applicable to the rehearing and commences from the date of the order.

(d) If the application to vacate is denied and no motion to modify or correct the award is pending, the court shall confirm the award. [Acts 1969, ch. 340, § 13; 1982, P.L. 198, § 97.]

Contrary to defendants' assertion that the complaint is actually grounded in 29 U.S.C. §§ 185 and 159, plaintiff's complaint reveals nothing more than a desire on her part to have the state trial court vacate the arbitrator's decision and install a new panel of arbitrators. This relief is specifically provided for at Ind.Code § 34–4–2–13(c) (Burns Ann., 1982 Supp.).

While there is ample and extensive authority for the proposition that "the grounds for removal must appear on the face of the complaint, unaided by reference to the other pleadings or the petition for removal[,]" 14 Wright, Miller & Cooper, Federal Practice and Procedure § 3734 at 736 (1976) and cases cited at n. 3, that position is not without its detractors. Thus,

"[s]ome courts have indicated that they will not permit plaintiff to use artful pleading to close off defendant's right to a federal forum[.]" *Id.,* at § 3722, p. 564. Nonetheless, it is generally accepted that the plaintiff is master of his own complaint and is free to choose not to assert an available federal claim. *Id.*

■ In this case, defendants' argument in support of their petition for removal makes clear that the jurisdiction of this court over this claim, if such be found to exist, must lie in federal question jurisdiction under 28 U.S.C. § 1441(b) and ultimately, therefore, 28 U.S.C. § 1331. As the Court of Appeals for the Seventh Circuit recently declared in *Illinois v. Kerr-McGee Chem. Corp.,* 677 F.2d 571 (7th Cir.1982),

a defendant's assertion of an issue of federal law in the pleadings or in the petition for removal does not create a federal question. *Phillips Petroleum Co. v. Texaco, Inc.,* 415 U.S. 125, 127–28, 94 S.Ct. 1002, 1003, 39 L.Ed.2d 209 (1974); *Arkansas v. Kansas & Texas Coal Co.,* 183 U.S. 185, 188, 22 S.Ct. 47, 48, 46 L.Ed. 144 (1901); *Nuclear Engineering Co. v. Scott,* 660 F.2d 241, 249 (7th Cir.1981). A plaintiff who has both federal and state causes of action may choose to ignore the federal claims and pursue only the state claims in state court. *See Pan American Petroleum Corp. v. Superior Court,* 366 U.S. 656, 663, 81 S.Ct. 1303, 1307, 6 L.Ed.2d 584 (1961); *Great Northern Railway Co. v. Alexander,* 246 U.S. 276, 282, 38 S.Ct. 237, 239, 62 L.Ed. 713 (1918); *Jones v. General Tire & Rubber Co.,* 541 F.2d 660, 664 (7th Cir.1976).

677 F.2d at 575. The above is in line "with congressional intent to limit the right of removal out of concern for state courts' independent jurisdiction." *Cook v. Weber,* 698 F.2d 907, 909 (7th Cir.1983), citing *Shamrock Oil and Gas Corp. v. Sheets,* 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941) and *Libhart v. Santa Monica Dairy Co.,* 592 F.2d 1062 (9th Cir.1979).

■ While defendants may be correct in their assertion that this case ultimately revolves around issues which could, in the

alternative, have been pleaded under federal law, plaintiff's complaint sets forth no such theories. Plaintiff asked only for a limited form of special relief, clearly available under the Indiana Uniform Arbitration Act. There is nothing in the pleadings to indicate that plaintiff "artfully pleaded" her complaint so as to circumvent any rights the defendants may possess to use a federal forum. As the Court of Appeals for the Seventh Circuit held in *Illinois v. General Electric Co.,* 683 F.2d 206 (7th Cir.1982), removal of a cause of action under 28 U.S.C. § 1441 is improper where the removed action arises under state law. *Id.,* at page 208, citing *Illinois v. Kerr-McGee Chem. Corp., supra.* This complaint clearly seeks relief arising under state law.

Accordingly, this cause is hereby REMANDED to the St. Joseph Superior Court pursuant to 28 U.S.C. § 1447(c), defendants to bear costs. SO ORDERED.

### MEMORANDUM AND ORDER ON REHEARING

This case is presently before the court on defendant-Allied Products' Motion to Reconsider the Court's Order Remanding This Action to State Court. For reasons which will appear below, said motion is DENIED.

The background facts of this case have already been set forth in this court's published opinion, *see Eby v. Allied Products Corp.,* 562 F.Supp. 528 (N.D.Ind.1983), and will not be recapitulated herein. On May 13, 1983, this court entered its order remanding this case to the state court for the reason that it had been improvidently removed. 28 U.S.C. § 1447(c). Defendant-Allied Products, in its motion to reconsider, now seeks to have this court vacate its remand order and restore this action to the federal docket.

An order of remand ends the jurisdiction of the federal court. The court is required to mail a certified copy of the order to the clerk of the state court, and upon the state court's receipt of this copy, the federal court is without power to vacate the order to remand, even if it is persuaded that the order was erroneous.

14 Wright, Miller & Cooper, Federal Practice and Procedure § 3739 at 764–65 (1976). *Accord, United States v. Rice,* 327 U.S. 742, 66 S.Ct. 835, 90 L.Ed. 982 (1946); *Three J. Farms, Inc. v. Alton Box Bd. Co.,* 609 F.2d 112 (4th Cir.1979), *cert. denied,* 445 U.S. 911, 100 S.Ct. 1090, 63 L.Ed.2d 327 (1980); *Federal Deposit Insurance Corp. v. Santiago Plaza,* 598 F.2d 634 (1st Cir.1979); *Rosenberg v. GWV Travel Inc.,* 480 F.Supp. 95 (S.D.N.Y.1979). *See also, generally, Rath Packing Co. v. Becker,* 530 F.2d 1295 (9th Cir.1975), *aff'd,* 430 U.S. 519, 97 S.Ct. 1305, 51 L.Ed.2d 604 (1977); *Chandler v. O'Brien,* 445 F.2d 1045 (10th Cir.1971), *cert. denied,* 405 U.S. 964, 92 S.Ct. 1176, 31 L.Ed.2d 241 (1972). For similar rule in removal and remand of criminal actions, *see United States v. Siviglia,* 686 F.2d 832 (10th Cir. 1982). Finally, and for an excellent survey of the law of removal jurisdiction, *see Salveson v. Western States Bankcard Ass'n,* 525 F.Supp. 566 (N.D.Cal.1981). Thus, "after the State court is notified of the remand, it resumes jurisdiction and the defendant who desires to appeal the remand order must obtain a stay of proceedings." (Citations omitted) *Dorsey v. State,* 171 Ind.App. 408, 409, 357 N.E.2d 280, 282 (1977) (removal and remand of state criminal prosecution).

A review by this court of the docket in this matter discloses that the complete record, including a certified copy of this court's order of remand, has already been returned to the state court from which it was originally removed. Therefore, and for the reasons articulated above, the motion to reconsider must be denied for want of subject matter jurisdiction.

However, and assuming *arguendo* that this court still retained a limited jurisdiction over this action, this court would nonetheless be disinclined to vacate its remand order of May 13, 1983. In a brief but well drafted memorandum in support of its motion to reconsider, defendant-Allied Products cites several cases supporting its argument that this court could properly exercise jurisdiction over plaintiff's claim on removal. While the three district court decisions

are distinguishable on their faces and will not be further considered, the opinion in *Kallen v. Health Care Employees,* 574 F.2d 723 (2d Cir.1978) presents an interesting question. In that case, the Court of Appeals was asked by the plaintiff-appellant to hold, *inter alia,* that the district court had been in error when it refused to remand a case removed from state court. In that case, as in the one presently before this court, plaintiff had sought in state court to have the arbitrator's award set aside, and defendants had removed that action to federal court because the gravamen of the action sounded in the federal Labor Management Relations Act. On appeal, the Court of Appeals for the Second Circuit held that it was not error for the district court to refuse to remand the complaint. Defendant-Allied Products argues that the holding of the Second Circuit in *Kallen* is dispositive of the issues presented in this case.

 This court disagrees. Merely because a district court may not be in error for refusing to remand a case does not mean that it would be in error for remanding the case. This is not simply a semantic distinction without a difference; rather, it goes to the very heart of the concerns involved in removal jurisdiction. Thus, while this court has the greatest respect for the opinions of the Second Circuit's Court of Appeals, this court cannot agree with the *Kallen* decision.

As this court noted in its remand order, the Seventh Circuit has demonstrated a genuine concern for the basic principles underlying removal jurisdiction. Thus, a plaintiff should be the master of his own complaint and relatively free to select the type of relief and, *a fortiori,* the forum desired. These considerations are essentially grounded in comity and respect for our federal system of government. To hold, as the Court did in *Kallen,* that the defendant's removal petition in effect overrides the terms of plaintiff's "well pleaded complaint" proves too much, and effectively undercuts the right of the plaintiff to elect not to assert an otherwise available federal claim. *See, generally, Phillips Petroleum Co. v. Texaco, Inc.,* 415 U.S. 125, 127–28, 94 S.Ct. 1002, 1003–1004, 39 L.Ed.2d 209 (1974); *Pan American Petroleum Corp. v. Superior Court,* 366 U.S. 656, 663, 81 S.Ct. 1303, 1307, 6 L.Ed.2d 584 (1961); *Illinois v. Kerr-McGee Chem. Corp.,* 677 F.2d 571, 575 (7th Cir.1982); *Nuclear Engineering Co. v. Scott,* 660 F.2d 241, 249 (7th Cir.1981); *Jones v. General Tire & Rubber Co.,* 541 F.2d 660, 664 (7th Cir.1976); *Eby v. Allied Products, supra,* at 530.

Accordingly, and for the reasons set forth above and in this court's earlier remand order of May 13, 1983, the motion to reconsider is hereby DENIED. SO ORDERED.