# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-3334

_____

Federal National Mortgage Association

*Plaintiff - Appellee*

v.

Philip U. Torborg

*Defendant - Appellant*

Tammy J. Codden; John Doe; Mary Roe

*Defendant*s

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: February 25, 2014
Filed: July 25, 2014
[Unpublished]

_____

Before MURPHY, SHEPHERD, and KELLY, Circuit Judges.

_____

PER CURIAM.

The Federal National Mortgage Association (Fannie Mae) brought this Minnesota eviction action against Philip Torborg and Tammy Codden in state court.

Torborg and Codden removed the action to the federal district court.[1]  Fannie Mae then filed this motion to remand the case back to state court.  United States Chief Magistrate Judge Arthur J. Boylan granted the motion and issued an order remanding the case on abstention grounds.  Only Torborg appeals the remand order.

Fannie Mae acquired title to a property in Sherburne County, Minnesota after its occupants, Torborg and Codden, defaulted on their mortgage.  Fannie Mae purchased the property in a sheriff's sale and acquired the title when the redemption period expired.  Torborg and Codden failed to vacate the property, and Fannie Mae filed this eviction action in state court on June 13, 2013.  Torborg and Codden removed the case to federal district court on June 21, arguing that Fannie Mae is a federal agency under 28 U.S.C. § 1345.  Fannie Mae then filed this motion to remand on July 19.

The district court asserted jurisdiction without deciding any § 1345 issue and granted the motion to remand on October 9.  A remand order was transmitted to the state district court on October 22, 2013.  On October 25, Torborg filed this appeal without seeking a stay of the order.  The state court issued an eviction order on January 3, 2014.  A writ of recovery ordering Torborg to vacate the premises was issued ten days later.

Torborg argues that the district court erred by not determining it had jurisdiction under § 1345 and asserts that abstention was improper because there is no "important state interest" at stake in the case.  Fannie Mae maintains that abstention was proper under Burford v. Sun Oil co., 319 U.S. 315 (1945), because Minnesota has established a comprehensive policy for adjudicating foreclosures and enforcing evictions which federal courts are not equipped to administer.

---

[1]The Honorable Donovan W. Frank, United States District Court for the District of Minnesota, presiding.

We decline to address the arguments raised here because the case is moot.  A case is moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Chafin v. Chafin, 133 S. Ct. 1017, 1023 (2013) (internal quotation marks omitted).  Issues cease to be "live" when it becomes "impossible for a court to grant any effectual relief whatever to the prevailing party." Id. (internal quotation marks omitted).

A state court may decide a case remanded from federal court even if the remand order has been appealed since an appeal does not vacate an order.  See Fosdick v. Dunwoody, 420 F.2d 1140, 1141 n.1 (1st Cir. 1970).  An appealing party may ask the reviewing court for a stay of a remand order pending appeal.  See Chestnut v. People of State of New York, 86 S. Ct. 940 (1965).  Torborg filed this appeal without requesting that the remand order be stayed.  The state court received the case from our court on October 22, 2013 and entered judgment for Fannie Mae on January 3, 2014.  Torborg was ordered to vacate the property on January 13, and neither party claims that he failed to do so.  Reversing the remand order would not disturb these facts nor the state court's judgment.  We thus conclude there are no "live" issues for us to consider in this case and it is therefore moot.  See Chafin, 133 S. Ct. at 1023.

The judgment of the district court is therefore affirmed.

_____